345 So.2d 96 (1977)
Elvin L. CAMPBELL et ux.
v.
Barbara WOMACK (Koen) et al.
No. 11120.
Court of Appeal of Louisiana, First Circuit.
March 21, 1977.
Rehearing Denied May 9, 1977.
Writ Refused June 30, 1977.
*97 John R. Rarick, St. Francisville, for appellants.
John E. Coleman, Jr., and James R. McClelland, Franklin, for appellees.
Before LANDRY, EDWARDS and COLE, JJ.
EDWARDS, Judge.
This suit was brought by Elvin Campbell and his wife for damages resulting from breach of contract and embarrassment, humiliation and mental anguish, sustained by Mrs. Campbell as a result of the defendants' refusal to admit Mrs. Campbell to her husband's motel room. The defendants' motion for summary judgment was granted and the action was dismissed. From this dismissal, plaintiffs have appealed.
Plaintiff, Elvin Campbell, is engaged in the sand and gravel business. Since the nature of his business often requires his absence from his home in St. Francisville, Mr. Campbell generally obtains temporary accommodations in the area in which he is working. For this purpose, Mr. Campbell rented a double room on a month to month basis at the Rodeway Inn, in Morgan City, Louisiana. The room was registered in Mr. Campbell's name only.[1]
From time to time, Mr. Campbell would share his room with certain of his employees; in fact he obtained additional keys for the convenience of these employees. It also appears that Mr. Campbell was joined by his wife on some weekends and holidays, and that they jointly occupied his room on *98 those occasions. However, Mrs. Campbell was not given a key to the motel room. On one such weekend, Mrs. Campbell, arriving while her husband was not at the motel, attempted to obtain the key to her husband's room from the desk clerk, Barbara Womack. This request was denied, since the desk clerk found that Mrs. Campbell was neither a registered guest for that room nor had the registered guest, her husband, communicated to the motel management, his authorization to release his room key to Mrs. Campbell. Plaintiffs allege that this refusal was in a loud, rude, and abusive manner. After a second request and refusal, Mrs. Campbell became distressed, left the Rodeway Inn, and obtained a room at another motel. Mr. Campbell later joined his wife at the other motel, and allegedly spent the weekend consoling her. Shortly thereafter, suit was filed against the motel and the desk clerk, Barbara Womack.
Plaintiffs' main contention is that Mrs. Campbell was entitled to a key to her husband's room since she had acquired the status of a guest from her previous stays with her husband in the motel room. The leading pronouncement in Louisiana on the creation of a guest status is found in Moody v. Kenny, 153 La. 1007, 97 So. 21 (1923). There it is stated at page 22:
". . . a mere guest of the registered occupant of a room at a hotel, who shares such room with its occupant without the knowledge or consent of the hotel management, would not be a guest of the hotel, as there would be no contractual relations in such case between such third person and the hotel . . ."
Plaintiffs would have us conclude from this statement that once the motel management gained knowledge on the previous occasions that Mrs. Campbell was sharing the motel room with the registered occupant, the motel was thereafter estopped to deny Mrs. Campbell the key to that room. The fallacy of this argument is apparent, since under it even a casual visitor to a hotel guest's room would be entitled to return at a latter time and demand a key to the guest's room, so long as the hotel management had knowledge of the initial visit.
The motel clerk was under no duty to give Mrs. Campbell, a third party, the key to one of its guest's rooms. In fact, the motel had an affirmative duty, stemming from a guest's rights of privacy and peaceful possession, not to allow unregistered and unauthorized third parties to gain access to the rooms of its guest. (cf. LSA-C.C. art. 2965-67). This duty is the same regardless of whether we consider the contractual relationship one of lessor-lessee or motel-guest.
The additional fact that Mrs. Campbell offered proof of her identity and her marital relation with the room's registered occupant does not alter her third-party status; nor does it lessen the duty owed by the motel to its guest. The mere fact of marriage does not imply that the wife has full authorization from her husband at all times and as to all matters, (LSA-C.C. art. 2404). Besides, how could Mrs. Campbell prove to the motel's satisfaction that the then present marital situation was amicable? This information is not susceptible of ready proof.
The plaintiffs further contend that since the rental contract was entered into during the existence of their marriage it was therefore a community asset, and that Mrs. Campbell was entitled to the use of the motel room based on her rights in the community. We need not reach the issue of Mrs. Campbell's community property rights in the motel room, since under the clear language of LSA-C.C. art. 2404, she had no right to enforce the rental contract.
Having found that Mrs. Campbell was not entitled to demand a key to the motel room, and further that no authorization to admit her was communicated to the motel by her husband, there was no breach of contract.
In view of the foregoing, we need not reach the defendants' contention that there was another occupant in the room, whose rights they were protecting.
*99 The summary judgment procedure is designed to avoid the delays and expenses of a trial on the merits when no genuine issue exists as to material fact and the moving party is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The burden is on the mover to show that there is no dispute regarding facts material to the suit. And since the motion for summary judgment is not a substitute for a trial on the merits, any doubt regarding the existence of genuine issues of material fact should be resolved in favor of trial on the merits. Roy & Roy v. Riddle, 187 So.2d 492, (La.App. 3rd Cir. 1966).
The affidavits submitted by each side demonstrate that the only issues in dispute are, did Mrs. Campbell share her husband's motel room, and did the motel have knowledge of this? Neither issue is material to this suit since regardless of how they are resolved, the plaintiffs cannot prevail. When the evidence submitted on the motion leaves no relevant, genuine issue of fact, and when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court, the motion for summary judgment should be granted. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 376 (La.1976).
Accordingly, the trial court properly granted defendants' motion for summary judgment.
For the reasons assigned the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] The motel bill was sent to and paid by Pearce & LeBlanc, Inc., as part of the expense of a joint venture with Mr. Campbell. The designation on the checks issued to the motel was "Campbell-Gravel." This, coupled with the fact that Mr. Campbell was accompanied by an employee when he rented the room, gave the mistaken impression that two men occupied the room.