454 So.2d 864 (1984)
Salvador A. LORIO,
v.
The SAN ANTONIO INN.
No. 83-CA-858.
Court of Appeal of Louisiana, Fifth Circuit.
July 30, 1984.
*865 Steve Lemoine, New Orleans, for defendant-appellant.
Jacques F. Bezou, New Orleans, for plaintiff-appellee.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal by the San Antonio Inn, defendant-appellant, from a judgment in the amount of $15,000 in favor of Salvador A. Lorio, plaintiff-appellee, for injuries he suffered when he fell on wet stairs on defendant's premises. Because we find no manifest error in the trial court's findings of fact, no abuse of its discretion in fixing the award, and no error of law, we affirm.
The facts of this case are straightforward. Lorio, his wife and his brother checked into the San Antonio Inn, a hotel, at about 9 P.M. on Saturday, February 14, 1981. They were informed by the desk clerk that an ice machine was located near the bottom of the stairs near their rooms. After depositing their luggage in their rooms, all three proceeded down the stairs for ice. When Lorio was on the last flight of stairs, he slipped and fell, injuring his back. It was stipulated at trial that he suffered a lumbar muscle strain.
Lorio testified that later that evening and again the next morning he reported the fall to the desk clerk on duty and asked for the manager. On both occasions he was told that the manager was not available. At least one of these clerks further told Lorio that he knew nothing about handling accident reports, and apparently no such report was ever completed by the hotel.
Lorio's explanation for his fall was that the stairway was poorly lit, and the stairs were wet and slippery. The source of the water on the stairs was identified by him as a puddle at the foot of the stairway caused by the leaking ice machine. Water from the puddle had apparently been tracked up the stairs by other guests. Moreover, Lorio's testimony was substantially corroborated by that of his wife. She also stated that after she and Lorio's brother helped him to his feet, the three of them returned to their rooms with some ice.
By the way of rebuttal, the hotel called as witnesses the manager and the maintenance man. Neither of these people had any specific recollection about either the wet stairs or the lighting conditions of the stairwell on the night in question. Both testified, however, that the ice machine was not operating and was disconnected at the time of the accident.
Based on this testimony, the trial judge found that the hotel had failed to maintain proper lighting and had failed to maintain the steps in a proper and safe manner. Although not explicit in the reasons for judgment, it is obvious that the court concluded *866 that the hotel had thus breached the duty of care owed by an inn to its guest, and therefore that it was liable for Lorio's injuries which were found to be $15,000.
The hotel now appeals, alleging three errors on the part of the trial court, as follows:
1. It was manifest error to find that the stairs were improperly lighted and maintained;
2. The hotel breached no duty of care owed to a guest, and;
3. If the hotel is liable, the trier of fact abused its discretion in fixing the award.
Because the first two allegations are interrelated, we address them together here. The rule applicable to this case is that while an innkeeper does not insure his guests against the risk of injury, he nonetheless owes his guest a high degree of care, Kraaz v. La Quinta Motor Inns, Inc., 410 So.2d 1048 (La.1982). A basic element of this duty is to maintain the premises in a reasonably safe condition. To this end, reasonable inspections of the premises and mechanical equipment are required, Brasseaux v. Stand-By Corp., 402 So.2d 140 (La.App. 1st Cir.1981). In addition, an innkeeper is held to have constructive knowledge of a dangerous condition if that condition has existed for such a time as to reasonably have been discovered by the innkeeper, Kauffmann v. Royal Orleans, Inc., 216 So.2d 394 (La.App. 4th Cir., 1968).
Applying these rules to the facts before us, it is clear that the hotel breached its duty to Lorio, and is therefore liable for his injuries. Lorio's testimony was that the stairs were poorly lighted, that the ice machine was leaking water, that the water had accumulated at the foot of the stairs, and had apparently been tracked onto the stairs. It is not disputed here that this water existed, nor that Lorio slipped and fell.
The hotel's rebuttal evidence was only the testimony of the manager and maintenance man. The manager stated that she had no recollection of having been on the stairway on the night in question, and therefore could not say whether the lights were burning. She did state, however, that the ice machine had been disconnected some months before the accident. The maintenance man similarly testified that he did not recall this specific night, but stated that the ice maker was not connected to any source of water at that time. In regard to the lights, he explained that they were turned on automatically by a photo electric cell at dusk and that each light fixture had two independent circuits so that if one circuit failed, the other would continue to operate. He next stated that he usually leaves the hotel at 5 P.M. on Fridays and does not return until Monday mornings. He also noted that there were three other maintenance people at the hotel, but did not say whether any of them worked on weekends. Finally, he admitted that he could not say whether the lights on the stairs were burning or whether there was water on the stairs the night of the accident.
The only conflict in testimony was, therefore, whether the ice machine was connected and leaking when Lorio slipped. Resolution of this factual issue depended solely on a decision by the trier of fact as to the credibility of the witnesses. Lorio said the machine was leaking. His wife said they brought ice back to their room. There is nothing in the record to show that there was another ice machine at the hotel from which this ice could have been obtained. The hotel's rebuttal was testimony that the ice machine was not connected to a water source, and thus could not have been leaking. It also contends that the only reasonable explanation for the water was therefore rain, but it offered no evidence that it had indeed rained on that night. Neither did it explain where the ice obtained by the Lorios came from. In this court's opinion, there is nothing manifestly erroneous in the trial judge's decision to believe Lorio and his wife, rather than the other witnesses, on this point, and therefore we will not disturb this finding of fact, Canter v. Koehring, 283 So.2d 716 (La.1973).
*867 We finally note that although the trial judge made no explicit mention of the defective ice machine in his reasons for judgment, given the evidence before him, his conclusion that the stairs were improperly maintained could have rested on no other finding than that the water originated from that ice machine.
As to the lights, again Lorio and his wife testified that those on the stairs were not burning. The hotel's witnesses both admitted that they did not know whether the lights were burning or not. The maintenance man did explain that there were two circuits on each fixture, but this tells nothing about whether both bulbs simply burned out. Again, on this testimony there was no manifest error in the trial judge's conclusion that the stairs were improperly lit, Canter v. Koehring, supra.
The final issue on this point is whether the defective conditions existed for a length of time sufficient for a reasonably prudent innkeeper to have discovered and corrected them. The hotel's witnesses both testified that they had no idea of the conditions at the stairs when the slip occurred. The maintenance man said that he routinely left the hotel on Friday afternoons at 5 P.M. While he further testified that there were other maintenance men employed by the hotel, he did not state whether any of them worked on weekends. Neither was there any testimony to show whether any other employee was responsible for checking the premises on weekends, or how frequently such checks might have been made if there was any employee with this responsibility. On this evidence, the clear inference to be drawn is that the stairs may have been checked on Friday afternoon, but were not re-checked subsequent to that time. Further, the fact that water from the puddle was apparently tracked up the stairs by other guests would indicate that the puddle had been there for an appreciable time. We finally note that the hotel was notified twice by Lorio of his fall and the conditions causing it, yet it made no effort to so much as investigate the alleged defects. This evidence was certainly sufficient to lead the trial judge to conclude, as he must have, that the defective conditions had existed for a sufficient time to be discovered and corrected by the hotel. Its failure to do so was a breach of its duty toward a guest, and it is therefore liable for the injuries suffered by that guest.
The third error urged by the hotel here is that the trier of fact abused its much discretion in fixing the award at $15,000. Again we disagree. The well established rule is that an award for damages will not be disturbed on appeal unless an appellate court can give articulable reasons why on the particular facts of the case before it the award is an abuse of the trier of fact's "much discretion", Reck v. Stevens, 373 So.2d 498 (La.1979). We find no such abuse here. It was stipulated that Lorio suffered a lumbar muscle strain. He received chiropractic treatments for about a month, but could not afford further treatments. His unrefuted testimony was that he was still suffering back pains at the time of trial, over two years after the injury. He further stated that he works in a grocery and at least once a week must do heavy lifting, and that this lifting causes him to "see stars" from back pains. The hotel put on no medical evidence to refute the continued existence of the injury or the ensuing pain. Under these circumstances we do not find that the trier of fact abused its much discretion in fixing the present award.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal to be borne by defendant-appellant.
AFFIRMED.