487 So.2d 644 (1986)
Alice F. GONSALVES
v.
Dorothy DIXON, et al.
No. CA-3863.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 1986.
Patrick D. McArdle, Laura E. Fahy, New Orleans, for plaintiff-appellant Alice F. Gonsalves.
F.M. Stoller, T.A., Lawrence A. Mann, Hammett, Leake & Hammett, New Orleans, for defendants-appellees Dorothy Dixon, et al.
Before SCHOTT, BARRY and KLEES, JJ.
KLEES, Judge.
This appeal arises from a summary judgment granted to the defendant, Western World Insurance Company, dismissing plaintiff's claim. Plaintiff, Alice F. Gonsalves, filed suit seeking damage for injuries allegedly incurred in an assault and battery.
On appeal, plaintiff argues that the trial judge erred in granting the summary judgment as there are genuine issues of material fact as to whether an assault and battery did occur, and whether an "intentional tort" policy exclusion existed at the time of the incident.
Plaintiff, Alice F. Gonsalves, argues that on October 15, 1982, she was attacked and beaten by Dorothy Dixon while she was a patron at Dick's Bar, Inc. She further alleges that Ms. Dixon, at the time of the alleged incident, was in the course and scope of her employment as a barmaid. Ms. Gonsalves filed suit for her alleged *645 injuries, naming Dorothy Dixon, Dick's Bar, Inc., and Western World Insurance Company, insurer of Dick's Bar, Inc., as defendants. Western World sought, and was granted, a summary judgment. Plaintiff now appeals the summary judgment releasing defendant Western World.[1]
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file and affidavits, if any, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Kerwin v. Nu-Way Construction Service, Inc., 451 So.2d 1193 (La.App. 5th Cir.1984), writ denied 457 So.2d 11 (La.1984). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the Court is a summary judgment warranted. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976) cert. denied 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976).
Plaintiff argues that the trial court erred in finding that no genuine issue of material fact existed as to the assault and battery. Plaintiff relies upon the deposition of Marvin Dixon, president of Dick's Bar, Inc., to suggest that the attack was provoked. Mr. Dixon stated in his deposition that Dorothy Dixon had been provoked by someone throwing an ash tray and beer cans at her (Deposition of Marvin Dixon, p. 28-29). However, Mr. Dixon was not present in the lounge when the incident occurred. In making his statements, he relied on what others, who were present, told him. Such statements are clearly hearsay and would not be admissible at trial. Further, the plaintiff asserted in both the original and amended petitions that the injuries complained of "arose out of an assault and battery." We agree with the trial court that defendant, Western World Insurance Company, met its burden. There is no issue of material fact as to the assault and battery. All the pleadings show that an assault and battery was committed on Alice Gonsalves by Dorothy Dixon.
Plaintiff further argues that the trial court erred in finding that the assault and battery exclusion was applicable, and under the exclusion, the defendant was entitled to judgment as a matter of law. The plaintiff bases her argument on Mr. Dixon's statement that he did not authorize an assault and battery exclusion (Deposition of Marvin Dixon, page 6-7). However, the insurance policy in question includes a standard assault and battery exclusion. Further, Mr. Dixon stated later in this deposition that if the exclusion was in the policy, he would not have known as he does not usually read his insurance policies (Deposition of Marvin Dixon, page 31). It is well settled that a party to a contract is bound by a contract clause even though he lacked knowledge of its existence, Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970), or has failed to read it. Louisiana Savings Association v. Trahan, 415 So.2d 592 (La.App. 3rd Cir.1982), writ denied, 420 So.2d 445 (La.1982).
When the language of an insurance policy and its endorsements are clear and unambigious, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. Maggio v. Manchester Insurance Co., 292 So.2d 255 (La.App. 4th Cir.1974). Any such provisions in the insurance contract which limits liability must be given effect. Smith v. Western Preferred Casualty Co., 424 So.2d 375 (La.App. 2nd Cir.1982), writ denied, 427 So.2d 1212 (La.1983). Thus, although Mr. Dixon claims no knowledge of the exclusion, we find that the assault and battery exclusion is part of the insurance policy. It was attached to the policy documents, and thus meets the statutory requirements for modifying coverage of any insurance contract. L.S.A.-R.S. 22:628; Le Doux v. Old Republic Life Insurance Company, 233 So.2d 731 (La.App. 3rd Cir. *646 1970), writ refused, 256 La. 372, 236 So.2d 501 (1970). Mr. Dixon's failure to read his policy and its endorsements and exclusions is not sufficient to preclude application of the assault and battery exclusion.
The assault and battery exclusion at issue provides that
"In consideration of the reduced rates of premium charges it is understood and agreed that this policy excludes claims arising out of Assault and Battery whether caused by or at the direction of, or the omission by, the insured, his employees, patrons or any cause whatsoever.
This court has previously held that a similarly worded assault and battery exclusion clearly and unambigiously excluded coverage for all claims arising out of an assault and battery. Cf. Kiefer v. Whittaker, 468 So.2d 587 (La.App. 4th Cir.1985), writ denied, 469 So.2d 979 (La.1985). We find that this exclusion clearly and unambiguously states that no coverage will be afforded for injuries arising out of assault and battery. As all the pleadings and the deposition show that plaintiff's injuries resulted from a beating at the hands of Dorothy Dixon, Western Insurance Company is entitled to a summary judgment.
Accordingly, the summary judgment granted by the trial judge in favor of defendant, Western Insurance Company, dismissing plaintiff's claim is affirmed.
Affirmed.
NOTES
[1] Plaintiff, Mrs. Gonsalves died during the pendency of the appeal. On January 14, 1986, Mr. Joseph Gonsalves, as administrator of Mrs. Gonsalves' estate, was substituted as the party plaintiff.