535 So.2d 6 (1988)
Iranise PAUL
v.
Nivaldo MONTESINO, Sauro M. Montesino, Nadia Reyngo Montesino, and the ABC Insurance Company.
No. 88-CA-0562.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1988.
Writ Denied January 13, 1989.
F.M. Stoller, Edward P. Gothard, McColoskey, Langenstein & Stoller, New Orleans, for appellee Western World Ins. Co.
Jack W. Jernigan, III, Jernigan & Weiner, New Orleans, for appellant.
Before SCHOTT and LOBRANO, JJ., and HUFFT, J. Pro Tem.
LOBRANO, Judge.
This is an appeal from the granting of a summary judgment in favor of Western World Insurance Company and against the plaintiff, Iranise Paul. Paul filed suit for damages against Nevaldo Montesino, a juvenile, Sauro Montesino, Nevaldo's father and Western World Insurance Company, Sauro Montesino's liability insurer. She alleges that Nevaldo Montesino gained entry to her apartment which she rented from *7 Sauro Montesino to fix a light bulb. Realizing that she was home alone, "Nevaldo Montesino began attacking Ms. Paul and tearing off her clothing. Ms. Paul struggled, but the defendant outweighed her and was able to overpower her and then brutally raped her anally over the course of several minutes." Paul further alleges that Sauro Montesino is strictly liable for the acts of his son. Western World sought summary judgment based upon language of its insurance policy which excluded coverage for bodily injury arising from "assault and battery". The trial court granted summary judgment dismissing Western World as a defendant.
Paul appeals arguing that the assault and battery exclusion should be construed in "its ordinary and popular sense rather than its technical legal sense" and so construed, the policy does not exclude coverage for acts of rape. At the very least, she argues, the policy is ambiguous and should be construed against the insurer.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions and affidavits if any, show there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. Art. 966, Gonsalves v. Dixon, 487 So.2d 644, 645 (La.App. 4th Cir.1986).
If the language of an insurance policy and its endorsements are clear and unambiguous, then a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. Id; Maggio v. Manchester Insurance Co., 292 So.2d 255, 256 (La.App. 4th Cir.1974). Any provision in the contract which limits liability must be given effect. Gonsalves v. Dixon, supra.
The relevant exclusionary language of the policy reads as follows:
"It is agreed that the insurance does not apply to bodily injury or property damage arising out of assault and battery or of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person."
In Duplechain v. Turner, 444 So.2d 1322 (La.App. 4th Cir.1984), writ denied 448 So. 2d 114 (La.1984) this court confronted a similar issue in a wrongful death action. Plaintiff's decedent was shot and killed by a co-owner of a bar. This court explained battery as follows:
"In general, a person is criminally responsible and civilly liable for the intentional use of force or violence upon the person of another. Such actions constitute a battery." Id. at 1325.
The Court then held that "[f]orce or violence was intentionally inflicted ... thus a battery occurred and it caused the death." Id. at 1326. The insurer provided no coverage since its policy excluded injuries inflicted by "assault and battery."
Plaintiff forcefully argues that "assault and battery" should be construed as the ordinary person perceives the term; that is, a hitting or battering of a person. Such a construction, she urges, is necessarily different from the layman's understanding of rape. In support of this argument, she cites the differing definitions of assault and battery in Webster's Third World Dictionary and Black's Law Dictionary, as well as the different definitions in our Criminal Code.
However ingenious the argument, we must disagree with plaintiff's position. A rape necessarily requires the intentional use of force and/or violence upon the person of another. Although all batteries are not rapes, all rapes necessarily are batteries. The allegations of plaintiff's petition clearly show the physical contact and struggle associated with the incident. Even if penetration, a necessary element of rape, had not been accomplished, the allegations of the petition would still set forth an assault and battery. We find no ambiguity.
For the above and foregoing reasons, the trial court judgment is affirmed.
AFFIRMED.