564 So.2d 732 (1990)
Lucy Wilinda LEDBETTER, et al., Plaintiffs-Respondents,
v.
CONCORD GENERAL CORPORATION, et al., Defendants-Respondents.
No. 21812-CW.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1990.
Rehearing Denied July 24, 1990.
*733 Hoffman, Sutterfield, Ensenat & Bankston by James T. Grevemberg, New Orleans, for Classic Syndicate, Inc.
Bethard & Davis by Robert E. Bethard, Coushatta, for Lucy Wilinda Ledbetter.
Brittain, Williams, McGlathery, Passman & Sylvester by Andrew D. McGlathery, III, Natchitoches, for Zaval Tex.
James H. Askew, Shreveport, for B.G. Patel, et ux.
*734 Before HALL, SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
This case is before the court on a writ grant. The plaintiffs brought suit against several defendants, including Classic Syndicate, Inc., the insurer of the Worth Motel and its owners, as the result of the rape and abduction of Lucy Wilinda Ledbetter from the motel. Classic filed a motion for summary judgment, alleging that its insurance policy excluded coverage for damages resulting from assault and battery. The trial court denied the motion for summary judgment. Classic filed a writ application in this court, seeking review of the decision of the trial court. On January 18, 1990, the writ was granted and the record was sent up for review.

FACTS
On August 12, 1988, Ms. Ledbetter and her six-year-old granddaughter, Jessica Veara, were guests at the Worth Motel in Coushatta, Louisiana. Another guest, Mark Douglas McGraw, apparently unknown to Ms. Ledbetter, occupied another room. During the night, McGraw allegedly broke into the Ledbetters' hotel room despite the locked and chained door. He then raped Ms. Ledbetter. After the rape occurred, McGraw forced Ms. Ledbetter into an automobile which he drove away from the motel. However, Ms. Ledbetter jumped from the car and escaped. Upon returning to the motel with the police, her sleeping granddaughter was awakened. The girl was allegedly frightened by her grandmother's disheveled and bloody appearance.
On December 30, 1988, suit was brought against Balvantrai Godindji Patel, a/k/a B.G. Patel, and his wife, Manjulaben Dahyabhai Patel, d/b/a the Worth Motel, the owners of the motel; Concord General Corporation and Illinois Insurance Exchange, then believed to be the motel's insurers; and McGraw. The plaintiffs in the suit, in addition to Ms. Ledbetter, included Ms. Ledbetter's son, Roger Daniel Grimes, Jr., and Ms. Ledbetter's daughter, Jennifer Lynn Veara, as natural tutrix for the estate of the minor granddaughter, Jessica Veara. Mr. Grimes alleged that he resided with Ms. Ledbetter and he had been damaged as a result of the rape because his mother was unable to perform such maternal functions as cooking and cleaning. Ms. Veara alleged that her daughter Jessica was significantly traumatized by seeing her grandmother after the incident.
On February 22, 1989, in their first amended petition, the plaintiffs added Classic Syndicate, Inc., as a defendant. The plaintiffs asserted that Classic Syndicate, Inc. had issued an insurance policy to the Worth Motel which was in full force and effect at the time of the incident. (Subsequently, the plaintiffs voluntarily dismissed their suit against Concord General Corporation and Illinois Insurance Exchange.)
The Patels and Classic Syndicate, Inc., filed a third party demand/cross claim against McGraw and his employer, Zaval Tex. Zaval Tex also filed a third party demand against the Patels, Classic Syndicate, Inc., and McGraw. In a second amending petition, the plaintiffs added Zaval Tex as a defendant.
On September 5, 1989, Classic Syndicate, Inc., filed a motion for summary judgment. It asserted that its policy excluded coverage because of an assault and battery exclusion in the policy. This policy exclusion provides as follows:

ASSAULT AND BATTERY EXCLUSION
Notwithstanding anything contained herein to the contrary, it is understood and agreed that this policy excludes claims arising out of Assault & Battery, whether caused by or at the instigation of, or at the direction of, the insured, his employees, patrons or any causes whatsoever.
Oppositions to the motion for summary judgment were filed by the plaintiffs and by the Patels. Among the documents filed in opposition was an affidavit from the district attorney of Red River Parish, in which he stated that McGraw had been charged with aggravated rape, aggravated *735 kidnapping, and unauthorized use of a movable.[1] Also filed was an affidavit from Ms. Ledbetter generally outlining the facts of the attack, as well as an affidavit from an insurance agent, Harry C. Stewart. Mr. Stewart, who wrote the Patels' policy, made the conclusory assertion that the policy included liability insurance for the Patels' alleged negligence in failing to keep a safe premises.
On October 23, 1989, a hearing was held on the motion for summary judgment. At the conclusion of the hearing, the trial court denied the motion for summary judgment. It found that there were genuine issues of material fact, as well as issues of coverage. However, the trial court urged the parties to seek review by this court.
Classic Syndicate, Inc., filed a writ application which was granted by this court on January 18, 1990. Classic Syndicate, Inc., asserts that the assault and battery exclusion plainly excludes coverage for damages arising from the complained of actions by a motel patron. In so doing, it relies upon Paul v. Montesino, 535 So.2d 6 (La.App. 4th Cir.1988), writ denied, 536 So.2d 1222 (La.1989).

POLICY EXCLUSION
Classic Syndicate, Inc., contends that the trial court erred in denying its motion for summary judgment. It argues that the assault and battery exclusion attached to the policy as an endorsement excludes coverage for the plaintiffs' causes of action.
Summary judgment is a procedural vehicle designed to dispose of demands and defenses expeditiously when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. Interpretation of an insurance contract is usually a legal question which can be properly resolved in the framework of a motion for summary judgment. Clear and unambiguous provisions of an insurance policy are entitled to enforcement. Bergquist v. Fernandez, 535 So.2d 827 (La.App. 2d Cir. 1988).
An endorsement becomes part of the contract of insurance if attached to the insurance policy. The endorsement and the policy are considered to be parts of the same contract and must be construed together. Riders or endorsements affixed to an insurance policy are to be read with and harmonized with the provisions of the policy. In the event of any conflict between the endorsement and the policy, the endorsement prevails. Smith v. Western Preferred Casualty Company, 424 So.2d 375 (La.App. 2d Cir.1982), writ denied, 427 So.2d 1212 (La.1983).
When the language of an insurance policy and its endorsements are clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. Maggio v. Manchester Insurance Company, 292 So.2d 255 (La.App. 4th Cir.1974); Gonsalves v. Dixon, 487 So.2d 644 (La.App. 4th Cir.1986). Any such provisions in the insurance contract which limit liability must be given effect. Gonsalves v. Dixon, supra.
Classic Syndicate, Inc., relies upon Paul v. Montesino, supra, for the proposition that the damages resulting from the rape and other related offenses were excluded from coverage by the policy's assault and battery exclusion. In Paul v. Montesino, supra, the plaintiff, the tenant of an apartment, was allegedly raped by the lessor's son. The plaintiff's petition alleged that the lessor's son gained entry into her apartment to perform repair work. After gaining entry, he then attacked the plaintiff. Physical contact and a struggle ensued which resulted in the plaintiff being raped. The lessor's liability insurer filed a motion for summary judgment based upon the assault *736 and battery exclusion in its policy with the lessor. The motion for summary judgment was granted by the trial court, and the plaintiff's suit against the insurer was dismissed. The court of appeal affirmed. In so doing, the Fourth Circuit held:
"A rape necessarily requires the intentional use of force and/or violence upon the person of another. Although all batteries are not rapes, all rapes necessarily are batteries." 535 So.2d at 7.
We find Paul v. Montesino, supra, dispositive as to whether Classic Syndicate's policy provided coverage for the damages sustained by Ms. Ledbetter as a result of the rape. Furthermore, we find that a similar rationale is applicable to the kidnapping allegations. The kidnapping, as alleged in the present case, necessarily involved an assault, or placing the victim in reasonable apprehension of receiving a battery. Accordingly, we conclude that the trial court erred in overruling the motion for summary judgment insofar as any of the plaintiffs' claims for damages relate to the assaults and batteries which occurred during the rape and kidnapping of Ms. Ledbetter.
However, other provisions of Classic Syndicate's policy provide coverage for "personal injury", as distinguished from "bodily injury." In particular, the policy provides, under SECTION 1COVERAGES: "COVERAGE B. PERSONAL ... INJURY LIABILITY":
[1.]b. This insurance applies to "personal injury" only if caused by an offense:
* * * * * *
(2) Arising out of the conduct of your business, ...
The policy further provides the following definitions:
3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
* * * * * *
10. "Personal injury" means injury, other than "bodily injury," arising out of one or more of the following offenses:
. . . . .
c. Wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies;.... [emphasis ours][2]
The plaintiffs and the Patels argue that the provisions concerning "wrongful entry" provide coverage for all of the plaintiffs' damages arising out of the incident, including the damages resulting from the rape and kidnapping, because the entire incident resulted from McGraw's wrongful entry into Ms. Ledbetter's room. In this connection, they rely upon West v. City of Ville Platte, 237 So.2d 730 (La.App. 3rd Cir. 1970).
In West v. City of Ville Platte, supra, the plaintiff alleged that he was falsely arrested and beaten by Ville Platte police officers. He also alleged that after these events, he was placed in jail and no medical care was provided for his injuries. In his suit, he sought damages for assault and battery, wrongful arrest, and failure to render or secure medical assistance. The city's general liability insurer moved for summary judgment on the basis that its policy with the city excluded coverage for assaults. The trial court granted the motion and dismissed plaintiff's suit against the insurer.
On appeal, the Third Circuit reversed. The court held that damages attributable solely to the beating were excluded from coverage under the insurer's policy. However, the court found that granting the summary judgment was erroneous. The court found that the wrongful arrest and detention did not arise out of the assault. Therefore, coverage was provided for damages arising from the wrongful arrest and detention. Furthermore, the court found *737 that the damages sought for failure to secure medical aid arose, not from the assault, but from the city's breach of its duty to properly care for its prisoners. Therefore, damages arising from the failure to secure medical aid was also covered under the policy. The court concluded, as previously noted, that damages attributable solely to the unreasonable beating and excessive use of force should be excluded from the insurer's liability, and these items of damages were to be segregated from other damages if the plaintiff prevailed on the merits.
Applying the rationale of West, supra, we find merit in the plaintiffs' and the Patels' argument, but only to the extent that the policy provides coverage for damages sustained as a result of the wrongful entry. The policy does not provide coverage for damages resulting from the actual assault and battery which took place after the wrongful entry occurred. Thus, we find that Classic Syndicate, Inc., is not entitled to be entirely dismissed from this lawsuit because the policy provides some degree of coverage for the wrongful entry. However, from the record before us, we cannot determine whether any damages actually resulted from the unauthorized entry, separate and apart from the assault and battery.[3] This is a factual matter to be resolved at trial.
At this point, we further note that the Patels, as innkeepers, owed their guests a high degree of care and protection. Kraaz v. LaQuinta Motor Inns, Inc., 410 So.2d 1048 (La.1982). A basic element of the innkeeper's duty to his guests is to maintain the premises in a reasonably secure condition. Lorio v. San Antonio Inn, 454 So.2d 864 (La.App. 5th Cir.1984). Further, a guest in a hotel has a right of privacy from unauthorized entry which must be protected by the innkeeper. Campbell v. Womack, 345 So.2d 96 (La. App. 1st Cir.1977), writ denied, 347 So.2d 247 (La.1977).
Therefore, we determine that the policy provisions pertaining to "personal injury" should be construed as providing coverage to the Patels for their duty to maintain secure premises for their guests and to provide measures to protect against "wrongful entry". On this record, there are insufficient facts to establish whether the Patels breached their duty in this respect.
Based on the foregoing, we find that the trial court erred in failing to grant a partial summary judgment in favor of Classic Syndicate, Inc., on the issue of coverage for the rape and the kidnapping. See LSA-C. C.P. Art. 966.

CONCLUSION
The writ is made peremptory in part. The trial court judgment is reversed in part, and partial summary judgment is granted, dismissing plaintiffs' claims against Classic Syndicate, Inc., for damages arising from the rape and kidnapping. The case is remanded to the trial court for further proceedings consistent with this opinion. Costs of these proceedings are assessed one-half to Classic Syndicate, Inc., and one-half to the plaintiffs and the Patels.
WRIT MADE PEREMPTORY IN PART; CASE REMANDED TO TRIAL COURT FOR FURTHER PROCEEDINGS.

ON APPLICATION FOR REHEARING
Before LINDSAY, SEXTON, HALL, MARVIN and NORRIS, JJ.
Rehearing denied
NOTES
[1] We note that McGraw's conviction for aggravated rape was affirmed in an opinion rendered this same day by another panel of this court, State v. Mark Douglas McGraw, 564 So.2d 727 (La.App. 2d Cir.1990). The full facts developed at trial in the criminal case (which is not yet final) are not set forth in the record of this civil case and thus are not before us.
[2] This policy provision does not contain an exclusion for a wrongful entry perpetrated by a motel guest.
[3] The evidence presented at trial may reveal that the wrongful entry and the subsequent assaults are inseparable.