It COOKS, Judge.
Holiday Inns, Inc., appeals the judgment of the trial court awarding Mary Gray $24,000.00 in damages for a slip and fall accident.
FACTS
Mary Gray was a hotel guest at a Holiday Inn on October 7, 1993. The water temperature suddenly increased while she was taking a shower. Ms. Gray reacted quickly backing away from the water, but she slipped in the tub striking her left hip. As Ms. Gray fell to the floor of the tub, a ring from the shower curtain also fell and struck her in the eye. Ms. Gray complains she sustained injuries to her left hip, has blurred vision from a torn retina and experiences muscle spasms on occasion. Ms. Gray testified there were no anti-slip devices in the tub. The record revealed the hotel was in the process of renovating the interior of its guest rooms when the accident occurred.'
Plaintiff filed suit on October 4, 1994, against Holiday Inns, Inc., d/b/a Holiday Inn in its capacity as owner and operator of the Port Allen Holiday Inn. On November 2, 1994, plaintiff filed a first amending and supplemental petition substituting MM Louisiana, Inc., d/b/a Holiday Inn for Holiday Inns, Inc., d/b/a Holiday Inn as defendant in the lawsuit. MMI Hotel Group, Inc.[1] answered the petition, noting it was improperly named as MM Louisiana, Inc. in the amended petition, denying all claims of the plaintiff and excepting to the petition on the basis of prescription.
On October 12, 1995, Holiday Inns, Inc., filed a motion for summary judgment on the grounds it did not own, operate, maintain, manage or control the Port Allen Holiday Inn and was not liable for plaintiffs alleged damages. After a hearing, the trial court granted the motion for summary judgment on March 7,1996.
*1174 ROn March 18, 1997, MMI Hotel Group, Inc., re-urged its exception of prescription, contending it was not named as a defendant in the proceedings until November 2, 1994 and the accident occurred moré than one year earlier on October 7, 1993. The trial court did not rule on the Exception of Prescription.
After a trial on the merits, the judge issued written reasons finding in favor of plaintiff and against Holiday Inns, Inc. in the amount of $24,000. Holiday Inns, Inc. appealed the judgment, asserting the following assignments of error:
1. The trial court erred in rendering judgment against Holiday Inns, Inc. when there was no evidence or testimony introduced to establish the ownership, custody or control of the area of plaintiffs alleged accident.
2. The trial court erred in granting judgment in favor of plaintiff in the absence of any evidence which would establish a defect in the premises.
3. The trial court erred in allowing the introduction of hearsay medical records which were not properly authenticated or supported by the testimony of any health care prorider.
4. The trial court erred in awarding damages for alleged medical problems which were not proven or supported by the evidence.
5. The trial court erred in failing to grant the exception of prescription in favor of MMI Hotel Group, Inc.
STANDARD OF REVIEW
An appellate court may not set aside a trial court’s findings of fact in absence of manifest error or unless -it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). A two tiered test must be applied in order to reverse the findings of the trial court:
1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
Mart v. Hill, 505 So.2d 1120 (La.1987).
Even where the appellate court believes it’s inferences are more reasonable than lathe fact finder’s, reasonable determinations and inferences of fact should not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Additionally, a reviewing court must keep in mind if a trial court’s findings are reasonably based upon the entire record and evidence, an appellate court may not reverse the findings even if it is convinced that had it been sitting as trier of fact it would have weighed the evidence differently. Housley v. Cerise, 579 So.2d 973 (La.1991). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial.and appellate functions between the respective courts.
ANALYSIS
In.the first assignment of error, defendant Holiday Inns, Inc. contends the trial court erred in rendering judgment against it. We agree. Holiday Inns, Inc. was dismissed as a party defendant when the trial court granted the motion, for summary judgment on March 7, 1996. The proper party defendant to cast in judgment is MM Louisiana, Inc. The trial judge made an obvious clerical error in casting Holiday Inns, Inc. in judgment rather than MM Louisiana, Inc. Plaintiff asks this court to correct the error on appeal. In Harvey v. Traylor, 96-1321 (La.App. 4 Cir. 2/5/97); 688 So.2d 1324, writ denied, 97-587 (La.4/18/97); 692 So.2d 454, the fourth circuit was faced with a similar problem. The court in Harvey stated as follows:
Based on our review of the record, it is obvious that the trial court’s intent *1175 was to cast the Sheriffs Office in judgment. The Parish of St. Bernard was dismissed from the suit on December 28, 1990, almost five years before trial; the Sheriffs Office was substituted as proper party defendant; the Sheriffs Office’s liability insurer, Pelican State Mutual Insurance Company was named as a party defendant and subsequently LIGA, as successor to Pelican State, was named as a party defendant. The Sheriffs Office and its insurer defended the case at the trial level and appealed the issues of liability and quantum. The adverse driver, Traylor, was an employee of the Sheriffs Office-
Despite the Sheriffs arguments to the contrary, it would be a grave injustice to permit the judgment to stand as written. There can be |4no doubt that it was a clerical error to name St. Bernard Parish rather than the St, Bernard Sheriffs Office as the party to be cast in judgment.
La.Code Civ.P. art. 2164 allows an appellate court to “render any judgment which is just, legal, and proper upon the record on appeal ...” The licensing agreement between Holiday Inns, Inc. and MM Louisiana, Inc. was introduced into the record and clearly provided that MM Louisiana, Inc was the owner of the Port Allen Holiday Inn. Therefore, we will amend the judgment to name MM Louisiana, Inc. as the defendant east in judgment.
 In its second assignment of error, defendant contends the trial court erred in rendering judgment in favor of plaintiff, because there was no evidence which established a defect in the premises. An innkeeper owes its guests a high degree of care and protection. Kraaz v. LaQuinta Motor Inns, Inc., 410 So.2d 1048 (La.1982); Jones v. Hyatt Corp. of Delaware, 94-2194 (La.App. 4 Cir. 7/26/95); 681 So.2d 381. A basic element of this duty is to maintain the premises in a reasonably safe condition. To this end, reasonable inspections of the premises and mechanical equipment are required. Brasseaux v. Stand-By Corp., 402 So.2d 140 (La.App. 1 Cir.1981); Lorio v. San Antonio Inn, 454 So.2d 864 (La.App. 5 Cir.1984). In addition, an innkeeper is held to have constructive knowledge of a dangerous condition if that condition has existed for such a time as to reasonably have been discovered by the innkeeper. Kauffmann v. Royal Orleans, Inc., 216 So.2d 394 (La.App. 4 Cir.1968).
The only testimony presented at trial by defendant was elicited from Angela Andrews (the general manager of the Port Allen Holiday Inn) and Elodean Whitmore (a claims representative who investigated plaintiffs claim). ..In her written reasons for judgment, the trial judge noted plaintiffs testimony could not be rejected because it stood alone. See, Pritchard v. Canal Street Hotel Co., et al., 116 So.2d 304 (1959). The trial judge specifically found plaintiffs testimony was “quite credible.” Plaintiff |Rtestified her fall was precipitated by a sudden change in the shower’s water temperature and the lack of an anti-slip shower surface and an insecure handrail. The trial judge also noted defendant did not call any hotel employee to refute plaintiffs allegation that there were no anti-slip devices installed in the shower area on the day of the accident. The trial judge also found Elodean Whit-more’s testimony that plaintiff told her she did not know why she fell was “less than credible.”
The trial judge did not err in finding defendant breached its duty to provide a reasonably safe place for plaintiff to bathe. Defendant failed to take reasonable steps during the construction project to guard or warn against the water hazard and further failed to take adequate measures to reduce the likelihood that a guest might slip and fall when reacting to the noted hazard. The trial judge found the testimony of plaintiff was more credible than that of defendant’s witnesses. Her determination that defendant was negligent is not clearly wrong.
*1176 Defendant contends the medical records introduced by plaintiff'from the Ochsner Medical Clinic constituted hearsay and was therefore inadmissible. Defendant argues the introduction of ' the records, without the testimony of the physicians who could verify their contents, and relevance, denied defendant the opportunity to defend the issue of damages.
Both plaintiff and defendant listed the medical records in the pre-trial order. At no time prior to trial did defendant object to the use of the records. Defendant was aware that plaintiff had been treated at Ochsner Medical Clinic and the records would be used at trial. We do not find a substantial injustice resulted from its use or that the trial court erred in admitting this evidence. See, Day v. South Line Equipment Co., 551 So.2d 774 (La.App. 1 Cir.), writ denied, 553 So.2d 474 (La.1989).
Defendant also argues the damage award was not supported by the evidence. We note the trial court entered a $24,000 in globo award in plaintiffs favor.. Although |(jtemization of damages is an aid to appellate review, it is. not required. Levet v. Calais & Sons, Inc., 514 So.2d 153 (La.App. 5 Cir.1987). The only question before us is whether the evidence supports the., damage award.
Plaintiffs testimony that she fell in the bathtub striking her left hip was not contradicted. She experienced muscle spasms and was treated conservatively for several months. .Approximately six months after the accident, she began physical therapy which continued until two months before trial. Plaintiff testified she missed approximately two months of work as a result of her injuries. At trial, plaintiff testified she has problems driving long distances and standing for long periods, which are all requirements of her job as an inspector for the Department of Health and Hospitals.
In the assessment of damages, the trier of fact is left with much discretion and this court may not disturb an award of damages absent a clear abuse of that discretion. Theriot v. Allstate Ins. Co., 625 So.2d 1337 (La.1993); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). In- this case, plaintiff established she suffered from an injury of a chronic nature resulting in ongoing medical treatment and constant pain and suffering. Therefore, we do not find .the trial judge’s $24,000 award was a clear abuse of her much discretion.
Lastly, defendant contends the trial judge erred in failing to grant the Exception of Prescription filed by MMI Hotel Group, Inc. We disagree. The Supreme Court in Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), held an amended petition which changes the identity of a party sued relates back to the filing of the original petition if four elements are satisfied. These include:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must' have received notice of the institution of the 'action such that he will not be .prejudiced in 17maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Id. at 1087.
The four elements mentioned in that case have been satisfied in the present case. The amended claim arose out of the same occurrence, the accident at the Port Allen Holiday Inn. The substitute defendant clearly was not prejudiced, as the same attorney represented both the original de *1177 fendant and the substitute defendant throughout the course of these proceedings. Likewise, the substitute defendant was not an unrelated defendant and should have known, but for the mistake in the identity of the proper defendant, the action would have been brought against it. Under the facts of this case, plaintiffs claim was timely filed and the exception of prescription was improper.
ANALYSIS
For the foregoing reasons, the judgment of the trial court is amended to substitute MM Louisiana, Inc. as the defendant cast in judgment. In all other respects, the judgment is affirmed. Costs of this appeal are assessed against defendant-appellant.
AFFIRMED, AS AMENDED.

. MM Louisiana, Inc. has since changed its name to MMI Hotel Groups, Inc. MM Louisiana, Inc. was listed on the licensing agree-. ment with Holiday Inns, Inc.