NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-314

MELANIE MARK

VERSUS

PENN-AMERICA INSURANCE COMPANY, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20154146
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Phyllis M. Keaty, and Van H. Kyzar, Judges.

**AFFIRMED.**

**Timothy William Hassinger**
**Kelsey L. Bonnaffons**
**Galloway, Johnson, Tompkins, Burr & Smith**
**3 Sanctuary Blvd., 3rd Floor**
**Mandeville, LA 70471**
**(985) 674-6680**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
      **Penn-America Insurance Company**
      **KOA Kampgrounds of Lafayette, Inc.**

**David F. Rutledge**
**Blaine James Barrilleaux**
**330 Settlers Trace Blvd., Ste. B**
**Lafayette, LA 70508**
**(337) 406-8759**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Melanie Mark**

**EZELL, Judge.**

Melanie Mark appeals the decision of the trial court granting summary judgment in favor of KOA Kampgrounds of Lafayette, Inc. and its insurer, Penn-America Insurance Company, and dismissing her claims. For the following reasons, we hereby affirm the decision of the trial court.

In August 2014, Ms. Mark went to KOA to spend the weekend in a cabin rented by her mother. When she arrived, she began unloading her car, entering the cabin once or twice via stairs that led to a deck attached to the cabin. Though she noticed nothing unusual about the steps going up them, when she descended the stairs to retrieve more items from her car, one of the wooden steps gave way, causing her to stumble forward. Though she did not hit the ground or the stairs, Ms. Mark claims the incident left her with ankle, back, and hip injuries. She filed the current suit against KOA, who in turn filed a motion for summary judgment, claiming Ms. Mark had not proven that KOA had notice of any defect in the stairs that caused her to slip. The trial court agreed with KOA, granted the motion for summary judgment, and dismissed Ms. Mark's claims. From that decision, Ms. Mark appeals.

On appeal, Ms. Mark asserts as her sole assignment of error that the trial court erred in granting KOA's motion for summary judgment.

A moving party is entitled to summary judgment when it shows that there are no genuine issues of material fact and that it is "entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Summary judgment is favored by law and provides a vehicle by which "the just, speedy, and inexpensive determination" of an action may be achieved. La.Code Civ.P. art. 966(A)(2)

Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. *Greemon v. City of Bossier City*, 2010-2828 (La. 7/1/11), 65 So.3d 1263, 1267; *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So.2d 880, 882; *Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Authority*, 2002-1072 (La. 4/9/03), 842 So.2d 373, 377. In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id*. at 765–66.

On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. *See* La. C.C.P. art. 966(D)(1); *see also Schultz v. Guoth*, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1006.

*Larson v. XYZ Ins. Co.*, 16-745, pp. 6-7 (La. 5/3/17), 226 So.3d 412, 416.

Louisiana Civil Code Article 2317.1 provides:

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

As the first circuit noted in *Alvarado v. Lodge at the Bluffs, LLC*, 16-624 pp.

6-7 (La.App. 1 Cir. 3/29/17), 217 So.3d 429, 433, *writ denied*, 17-697 (La.

6/16/17), 219 So.3d 340:

2

An essential element to a claim under Article 2317.1 is proof that the owner or custodian had actual or constructive knowledge of the defect, meaning the party either knew of the defect or, in the exercise of reasonable care, should have known of the defect. See Tomaso v. Home Depot, U.S.A., Inc., 14-1467 (La.App. 1 Cir. 6/5/15), 174 So.3d 679, 682. The concept of constructive knowledge under Article 2317.1 imposes a reasonable duty on the owner or custodian to discover apparent defects in the thing in his *garde*. Broussard v. Voorhies, 06-2306 (La.App. 1 Cir. 9/19/07), 970 So.2d 1038, 1045, writ denied, 07-2052 (La. 12/14/07), 970 So.2d 535. The determination of whether an owner or custodian had constructive knowledge of a defective condition is a question of fact. Blevins v. E. Baton Rouge Parish Hous. Auth., 15-0896 (La.App. 1 Cir. 3/22/16), 2016 WL 1135453, 2, writ denied, 16-0602 (La. 5/20/16), 191 So.3d 1068.

The allegations of [Plantiff's] petition also invoke the duty of care owed by an innkeeper to its guests. An innkeeper has a duty to maintain his premises in a reasonably safe and suitable condition, and to warn guests of any hidden or concealed perils that are known or reasonably discoverable by the innkeeper. Pitts v. Felcor Lodging Trust Inc., 09–0249 (La. App. 1 Cir. 9/11/09), 2009 WL 3162050, 2, writ denied, 09-2199 (La. 12/11/09), 23 So.3d 925. To that end, an innkeeper must conduct reasonable inspections of the premises and mechanical equipment. See Gray v. Holiday Inns, Inc., 99-1292 (La.App. 1 Cir. 6/23/00), 762 So.2d 1172, 1175.

There is little evidence in the record before the court. None of which shows that KOA knew or should have known about the defect in its stairs. KOA co-owner Duane Alleman testified that any problems at KOA cabins were fixed when noticed, either by guests or by the crews that serviced the cabins. He stated that crews did maintenance on the cabins nearly year-round, that KOA's corporate division did yearly inspections, and that neither those inspections nor the crews working for KOA ever found any damage to the steps. He further stated that no complaints had ever been registered involving these steps before the incident here. There is nothing in the record to contravene these assertions.

Ms. Mark points out that Mr. Alleman identified pictures shown to him at his deposition of the alleged board involved as containing some degree of rot.

However, that testimony clearly reflects his noting the problem in the pictures *after* the board had broken. There is simply no evidence in the record which shows KOA knew about any rot in the step *before* the incident. To the contrary, Ms. Mark herself testified that she ascended the steps one to two times prior to the break and that she had no indication there was a problem, even though she carefully watched her feet while going up the steps. She stated multiple times in her deposition that the stairs appeared to be fine to the naked eye, appeared to be safe to use, and that "[t]here was no problem that [she] saw." This corroborates testimony from Mr. Alleman that the rot shown in the pictures appeared to be on the bottom of the board, hidden from view.

As such, there is simply no evidence in the record before this court that KOA knew or should have known about any dangerous condition involving the steps. The only evidence here shows that any defect in the step was hidden, not only from Ms. Mark, but from KOA as well. Nothing in the record suggests that a reasonable inspection of the step before the subject incident would likely have revealed the rot, as Ms. Mark herself testified that the board appeared to be fine on its surface.[1]

Considering the little evidence before the court, and construing the factual inferences reasonably drawn therefrom in favor of the opponent of the motions for summary judgment, we find that Ms. Mark did not produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of

---

[1] Ms. Mark makes a claim on appeal that KOA was strictly liable as a lessor/landlord of the cabin, rather than using the innkeeper/guest model discussed above. We find this argument completely unpersuasive. Besides the fact that Ms. Mark admitted in her petition that she was a "guest/business invitee" at the campgrounds and makes no claims therein concerning a lessee, she offers no evidence of any lease whatsoever, admits she was staying for only two days, and cites no jurisprudence whatsoever that suggests that any such brief stay could be construed as a lease. This claim utterly lacks merit.

proof at trial that Defendants had actual or constructive notice of a defect in the step. Thus, there is no genuine issue of material fact and summary judgment should be granted. Ms. Mark's contention that the trial court erred in granting summary judgment to KOA has no merit.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Ms. Mark.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.