556 So.2d 945 (1990)
James PRIDGEN, et al., Plaintiffs-Appellants,
v.
Joseph L. JONES, et al., Defendants-Appellees.
No. 88-1108.
Court of Appeals of Louisiana, Third Circuit.
February 7, 1990.
*946 Theall & Fontana, Anthony Theall, Ted Ayo, Abbeville, for plaintiffs-appellants.
Scott Silbert, Metairie, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, James Ryan, Peter Title, New Orleans, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Paul Bigson, Lafayette, Pamela Tynes, Ernest Gieger, Sharon Smith, New Orleans, Hary Hall, Baton Rouge, for defendants-appellees.
Before DOMENGEAUX, C.J., and FORET and LABORDE, JJ.
LABORDE, Judge.
This is a personal injury action brought by the plaintiffs, James D. Pridgen and Jennifer Ann Frederick (hereinafter collectively plaintiff), for damages sustained in a two car collision. Defendant, First Horizon Insurance Company (First Horizon), the uninsured/underinsured motorist insurer of Mr. Pridgen's employer, Petro-Marine Engineering, Inc., filed a motion for summary judgment on the ground that James D. Pridgen was not an insured under its policy. In its Judgment dated July 28, 1988, the trial court granted the motion for summary judgment. The plaintiff now appeals that decision. We affirm.

FACTS
The facts of this case are not in dispute. On July 24, 1986, James D. Pridgen was driving his 1983 Chrysler New Yorker in a northerly direction on Louisiana Highway 339. He was on his way home from work when his automobile was struck broadside by another vehicle being driven by Joseph L. Jones. Even though Mr. Pridgen was enroute home from work, he was nevertheless on his employer's time, as he was paid from the time he left his home until the time he returned. Mr. Pridgen allegedly sustained serious injuries as a result of the collision.
The plaintiff has filed suit against several defendants, including Mr. Pridgen's employer's uninsured motorist carrier, First Horizon. In turn, First Horizon filed a motion for summary judgment, contending that Mr. Pridgen did not qualify as an insured under the uninsured motorist policy it issued to his employer. The trial court agreed with the defendant and granted the motion for summary judgment.
The plaintiff raises only one specification of error on appeal; namely, that the trial court erred in finding that first Horizon's policy did not provide him with UM coverage.

*947 UM COVERAGE
We begin our analysis by noting that it is clear that the plaintiff is not entitled to coverage under the UM provisions of First Horizon's policy. The UM section of the policy provides, in pertinent part, that:
"1. COVERAGE U-UNINSURED MOTORISTS
(Damages for Bodily Injury)
The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."
"Persons insured" under the UM provisions of the policy are as follows:
"II. PERSONS INSURED
Each of the following is an insured under this insurance to the extent set forth below:
(a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either;
(b) any other person while occupying an insured highway vehicle; and
(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under (a) or (b) above."
The plaintiff is not a "person insured" under II(a), as his name was not included on the endorsement to the policy which lists the named insureds. He is not a "person insured" under II(b) because an "insured highway vehicle" is defined by the policy as "any vehicle owned by the named insured," and the plaintiff was occupying a vehicle owned by himself at the time of the accident. Accordingly, we find that the plaintiff is not an insured under the UM provisions of the policy.
Even though it is clear that the plaintiff is not covered under the UM provisions of the policy, he argues, in the alternative, that he is an insured under the liability provisions, and, as such, is entitled to UM coverage pursuant to LSA-R.S. 22:1406. The plaintiff points out that since he never waived UM coverage, there is no reason to deny him such coverage.
LSA-R.S. 22:1406 provides in relevant part that:
"D. The following provision shall govern the issuance of uninsured motorist coverage in this state.
(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners and operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable when an insured named in the policy shall reject in writing the coverage or selects lower limits...."
The selection of lower limits or rejection altogether of UM coverage must be written and express. Landry v. Government Employees Insurance Co., 390 So.2d 1385 (La. App. 3d Cir.1980).
While it may be true that the plaintiff never waived UM coverage, we find this fact to be of no consequence, given that the plaintiff never qualified as an insured under the liability provisions of the policy in the first place. In the liability section of *948 First Horizon's policy, "persons insured" are limited to:
"(a) the named insured:
(b) any partner or executive officer thereof, but with respect to a non-owned automobile only while such automobile is being used in the business of the named insured:
(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:
(1) a lessee or borrower of the automobile, or
(2) an employee of the named insured or of such lessee or borrower;
(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a), (b) or (c) above."
For purposes of this section, an "owned automobile" is an automobile owned by the named insured and a "non-owned automobile" is an automobile which is neither an "owned automobile" or a "hired automobile." A "hired automobile" is defined as:
"`hired automobile' means an automobile not owned by the named insured which is used under contract in behalf of, or loaned to, the named insured, provided such automobile is not owned by or registered in the name of (a) a partner or executive officer of the named insured or (b) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile."
After a careful review of the facts of this case, we cannot see how the plaintiff, who was driving his own automobile, who is not a partner or executive officer of the named insured and who was compensated by the named insured for the use of his automobile, fits under any of the categories of "persons insured."
The plaintiff makes two arguments to support his position that he is covered by the liability provisions of the policy. Both of these arguments we find to be meritless. The plaintiff first contends that he is entitled to coverage because he falls under the "Class 1 persons" designation of the policy. The "Class 1 persons" designation appears on the schedule page of the policy. The designation is defined as follows:
"When used as a premium basis:

B. `Class 1 persons' means the following persons, provided that their usual duties in the business of the named insured include the use of non-owned automobiles: (a) all employees, including officers of the named insured compensated for the use of such automobiles by salary, commission, terms of employment, or specific operating allowance of any sort; (b) all direct agents and representative of the named insured." (Emphasis added).
The defendant correctly points out that this designation is strictly used as a premium basis and has nothing whatsoever to do with liability coverage. We see no other way to interpret the "Class 1 persons" designation and we observe that where the language of an insurance contract is clear and free from ambiguity, it constitutes the contract between the parties and must be enforced as written. Glass Services Unlimited v. Modular Quarters, Inc., 478 So.2d 1005 (La.App. 3d Cir.1985); Cole v. State Farm Automobile Insurance Co., 427 So.2d 522 (La.App. 3d Cir.), writ denied, 433 So.2d 710 (La.1983).
The plaintiff's second argument for liability coverage involves the excess insurance provision of the "Additional Conditions" section of the policy. The excess insurance provision states:
"A. Excess InsuranceHired and Non-Owned Automobiles
With respect to a hired automobile, or a non owned automobile, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured." (Emphasis added).
Since we have determined that the plaintiff is not an insured under the policy, this provision is of no relevance.
*949 We conclude that the plaintiff is not covered under the liability provisions of First Horizon's policy. This court in Stewart v. Robinson, 521 So.2d 1241 (La.App. 3d Cir. 1988), writ granted, dismissed November 21, 1988, has held that LSA-R.S. 22:1406 requires that UM coverage be provided for persons insured for purposes of liability under an automobile liability insurance policy. As the plaintiff is not covered under the liability provisions of the policy, UM coverage is not statutorily mandated.
We are satisfied that this matter was properly dismissed by way of summary judgment. A dispute as to the issue of whether, as a matter of law, the language of an insurance policy provides coverage to a party, can be properly resolved within the framework of a motion for summary judgment. Saffel v. Bamburg, 478 So.2d 663 (La.App. 2d Cir.1985), writ denied, 481 So.2d 1335 (La.1986). Under LSA-C.C.P. art. 966, we find no genuine issue of material fact; the defendant, First Horizon, should be granted judgment as a matter of law.
For the foregoing reasons, the decision of the trial court is affirmed. Costs are to be paid by the plaintiff.
AFFIRMED.