590 So.2d 821 (1991)
Sam ZANCA
v.
Bryan BREAUX, Champion Insurance/L.I.G.A.
No. 90-CA-1892.
Court of Appeal of Louisiana, Fourth Circuit.
November 26, 1991.
*822 Pierre F. Gaudin, Elizabeth M. Gaudin, Gretna, for plaintiff/appellant.
William H. Voight, Blue, Williams & Buckley, Metairie, for defendant-appellee Champion Ins./L.I.G.A.
Before WILLIAMS and ARMSTRONG, JJ., and GULOTTA, J. Pro Tem.
WILLIAMS, Judge.
The issue on appeal is whether the trial court erred in granting summary judgment in favor of defendant Louisiana Insurance Guaranty Association and against plaintiff, dismissing his suit. We affirm. The trial court properly concluded that plaintiff is not an "insured" and is, therefore, not entitled to UM coverage under his mother's automobile liability insurance policy. Resolving the issue on summary judgment was proper.

FACTUAL AND PROCEDURAL HISTORY
Plaintiff, Sam Zanca, filed suit on November 13, 1989, against Bryan Breaux and Louisiana Insurance Guaranty Association (LIGA), the successor to Champion Insurance Company. Zanca's petition asserts that on March 31, 1989, he was driving his 1986 Mazda pick-up truck on LA-39 when his vehicle was struck from the rear by a 1979 Ford pick-up driven by Breaux. His petition asserts Breaux was not covered by liability insurance on the date of the accident. His petition also asserts that on the date of the accident, he was residing in the home of his mother, Doris Zanca, who had a policy of automobile liability insurance with Champion Insurance Company, and that her policy provided him UM protection.
LIGA answered Zanca's petition and cross claimed Breaux on January 8, 1990. LIGA motioned for summary judgment on June 5, 1990. LIGA's memorandum in support of its motion asserted that, at the time of the accident, Zanca was driving an automobile owned by him, registered in his own name and covered by his own policy of automobile liability insurance with Champion Insurance Company. Zanca, however, had executed a waiver of UM coverage which precluded him from making a claim for the accident under his own policy of insurance.
LIGA's memorandum in support also asserted that Mrs. Zanca's policy of automobile liability insurance with Champion Insurance Company did not afford Zanca UM coverage. According to LIGA, "insured" under the UM coverage of Mrs. Zanca's policy means "the name insured and any relative" and "relative" means "a person related to the named insured by blood, marriage or adoption, who is a permanent or temporary resident of the same household, provided neither such person nor his spouse owns a private passenger automobile." (emphasis by LIGA) Consequently, because Zanca owned his own automobile, LIGA asserted he is not an "insured" under his mother's policy or under her UM coverage.
*823 Zanca's opposition to the motion declared the clause in his mother's policy which purported to bar UM coverage for household members owning their own vehicles, is null and void as contrary to public policy. He urged that, although the cited policy language is not specifically included in the "exclusions" section of his mother's policy, it effectively operates as an exclusion to certain household members. Thus, he claimed the UM coverage limitation violates public policy.
In its supplemental memorandum in support of the motion for summary judgment, LIGA claimed Zanca's public policy argument is meritless because he is not an insured under Mrs. Zanca's policy who is being denied UM coverage, rather, he is not an insured. LIGA also urged that Zanca would be unjustly enriched if he recovered under his mother's UM coverage which she purchased for her automobile, as he specifically rejected purchasing UM coverage in his policy of insurance for his own automobile.
Following a hearing on August 22, 1990, the trial court found no material issues of law or fact. Accordingly, it rendered summary judgment in favor of LIGA and against Zanca, dismissing his suit and casting him with costs. Thereafter, Zanca filed this devolutive appeal.

QUALIFYING AS AN "INSURED"
On appeal, Zanca claims that he is covered under the UM provision of his mother's policy due to his status as a "household member" and that the clause which purports to bar coverage to household members who own their own automobiles is an exclusion which violates public policy. In essence, Zanca argues that he is an "insured" under the policy of insurance who is being denied UM coverage in violation of public policy. See Bourgeois v. U.S. Fidelity & Guaranty Co., 385 So.2d 584 (La. App. 4th Cir.1980), writ den., 393 So.2d 736 (La.1980). The controlling issue, however, is whether Zanca is an "insured" under the policy.
The Louisiana Uninsured Motorist Statute, LSA-R.S. 22:1406, requires that, unless it is waived, all policies of automobile liability insurance issued in Louisiana shall provide UM coverage for persons who qualify as "insureds" under the policy. See also Howell v. Balboa Ins. Co., 564 So.2d 298 (La.1990) ["any person who enjoys the status of insured under a Louisiana motor vehicle liability policy which includes uninsured/underinsured motorist coverage enjoys coverage protection simply by reason of having sustained injury by an uninsured/underinsured motorist"]. A person who does not qualify as an "insured" under a policy of insurance, however, is not entitled to UM coverage. Seaton v. Kelly, 339 So.2d 731 (La.1976); Schmidt v. Estate of Choron, 376 So.2d 579 (La.App. 4th Cir. 1979); Scherer v. Chaisson, 469 So.2d 510 (La.App. 3d Cir.1985).
The liability coverage section of the Champion Insurance policy issued to Mrs. Zanca defines "insured" as "a person or organization described under `PERSONS INSURED.'" The "PERSONS INSURED" provision provides, in pertinent part, as follows:
PERSONS INSURED. The following are insureds under Part I [Liability]:
(a) With respect to the owned automobile,
(1) the named insured,
(2) any person using such automobile to whom the named insured has given permission, provided the use is within the scope of the permission;
(b) With respect to a non-owned automobile,
(1) the named insured,
(2) a relative, but only with respect to a private passenger automobile or utility trailer, provided the person using such automobile has received the permission of its owner and the use is within the scope of such permission;...
The UM protection section of Mrs. Zanca's policy provides, in pertinent part, as follows:
"INSURED" means:
(a) the named insured and any relative;
(b) any other person while occupying an insured automobile; and

*824 (c) any person, with respect to damages he is entitled to recover because of bodily injury to which this Part applies sustained by an insured under (a) or (b) above ...
The definition of "name insured" for both the liability coverage and UM protection sections is the individual named in the declaration and includes the spouse, if the spouse is a resident of the same household. Mrs. Zanca's policy names only herself, Doris Zanca, on the declaration. The definition of "relative" for both the liability coverage and the UM protection sections of the policy, is "a person related to the named insured by blood, marriage or adoption who is a permanent or temporary resident of the same household, provided neither such person nor his spouse owns a private passenger automobile."
Where a policy of insurance contains a definition of any word or phrase, its definition is controlling. Oncale v. Aetna Cas. & Sur. Co., 417 So.2d 471 (La.App. 1st Cir.1982). Further, where the language of an insurance contract is clear and free from ambiguity, it constitutes the contract between the parties and must be enforced as written. Prigden v. Jones, 556 So.2d 945 (La.App. 3d Cir.1990). Thus, if the policy's definition of "relative" is given full force and effect, even though Zanca is related by blood to and permanently resides in the same household with the named insured, he is not a "relative" because he owns a private passenger vehicle.
Applying the uncontested facts to the pertinent provisions of Mrs. Zanca's policy of insurance, it is evident Zanca is not an "insured" under either the UM protection or the liability coverage sections of the policy. He is not an "insured" as defined under the UM protection section because he is not a named insured, a relative or a person occupying an insured automobile. Therefore, he is not entitled to UM coverage under the express terms of the policy. Further, he is not an "insured" as defined under the liability section because he is not a named insured, a person using the insured vehicle or a relative using a specified non-owned vehicle. Therefore, he is not an "insured" who is entitled to UM coverage by virtue of LSA-R.S. 22:1406. Pridgen v. Jones, supra.; Scherer v. Chaisson, supra.; Malbrough v. Wheat, 428 So.2d 1110 (La.App. 1st Cir.1983).
The Code of Civil Procedure sets forth that a plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has prayed. LSA-C.C.P. art. 966(A). The Code also directs that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact, and mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966(B). Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La.App. 4th Cir.1991).
The interpretation of a policy of insurance usually involves legal questions which can properly be resolved through a motion for summary judgment. Ledbetter v. Concord General Corp., 564 So.2d 732 (La. App. 2d Cir.1990); Pridgen v. Jones, supra. When the language of an insurance policy is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. Id.; Gonsalves v. Dixon, 487 So.2d 644 (La.App. 4th Cir.1986).
The definition of "relative" in Mrs. Zanca's policy of insurance is clear and free from ambiguity. It constitutes the contract between Mrs. Zanca and Champion and it must be enforced as written. Pridgen v. Jones, supra. Under the policy's definition, Zanca is not a "relative" and, therefore, is not an "insured" who is entitled to UM protection by terms of the policy or by operation of law. Thus, LIGA was entitled to summary judgment as a matter of law.
Accordingly, the decision of the trial court is affirmed. Costs are charged to plaintiff.
AFFIRMED.