655 So.2d 520 (1995)
Anthony PITTS, Individually and on Behalf of his Minor Child Jennifer Pitts, and Deborah Pitts,
v.
James PICKENS, New Hampshire Insurance Company, Farm Bureau Insurance Company and XYZ Insurance Company.
No. 94 CA 1811.
Court of Appeal of Louisiana, First Circuit.
May 5, 1995.
Rehearing Denied June 21, 1995.
*521 Gordon J. McKernan, J.J. McKernan, Baton Rouge, for plaintiff/2nd appellantAnthony Pitts, etc.
J. Wendell Clark, Baton Rouge, for defendant/appelleeN.H. Indem. Co.
Glen Scott Love, Baton Rouge, for intervenor/1st appellantLa. Farm Bureau Mut. Ins. Co.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment granting a motion for partial summary judgment in favor of New Hampshire Indemnity Insurance Company.

BACKGROUND
Acadian Auto Rental, Inc., was the named insured under a policy of business automobile liability insurance issued by New Hampshire Indemnity Insurance Company on April 1, 1991. The policy insured a fleet of automobiles owned by Acadian Auto Rental, Inc. and had policy limits of $1 million.
On April 25, 1991, James Pickens entered into an automobile rental agreement with Acadian Auto Rental, Inc. In the "Terms and Conditions Of Rental Agreement," "Liability Insurance or Qualified Self-Insurance" is addressed in paragraph nine (9), which provides, in pertinent part, as follows:
An automobile liability insurance policy or qualified self-insurance arrangement protects the Authorized Driver on a primary basis in respect to other insurance, for third party bodily injury, death of another and for property damage other than to the rental vehicle on a per-occurrence basis as permitted by this Agreement, arising from the use of the Vehicle. The coverage is in an amount up to, but in no event in excess of, the minimum limits required by the financial responsibility or compulsory insurance laws of the state in which the accident occurs, unless other limits are provided pursuant to a separate commercial account Agreement. (Emphasis added).

FACTS
On April 27, 1991,[1] plaintiff, Deborah Pitts, along with her minor daughter, was traveling southbound in the inside lane of Nicholson Drive in Baton Rouge when a vehicle, leased from Acadian Auto Rental, Inc. and operated by defendant, James Pickens, negotiated a left turn from the northbound lane of Nicholson Drive and collided with plaintiff's vehicle.
On March 24, 1992, plaintiffs, Deborah Pitts and her husband, Anthony Pitts, individually and on behalf of their minor daughter, Jennifer, filed an action for damages arising out of the collision. Named as defendants in the action were James Pickens; New Hampshire Indemnity Insurance Company (New Hampshire), liability insurer of *522 Acadian Auto Rental, Inc. (Acadian);[2] Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau), the Pitts' liability and uninsured/underinsured motorist insurer;[3] and XYZ Insurance Company, Pickens alleged liability insurer.
On January 18, 1994, Farm Bureau filed a motion for summary judgment, contending that there were no genuine issues of material fact in dispute and that it was entitled to judgment as a matter of law. In the motion, Farm Bureau contended that New Hampshire's policy limits are $1 million and that plaintiffs admitted that their combined claims do not exceed $1 million. Accordingly, Farm Bureau reasoned that, if the New Hampshire policy covers Pickens in the amount of $1 million, then Pickens is not uninsured/underinsured so as to implicate Farm Bureau's uninsured/underinsured motorist policy. Attached to Farm Bureau's motion for summary judgment were the rental agreement between Pickens and Acadian, purportedly establishing 10/20 coverage limits; New Hampshire's Business Auto Declarations and Commercial Auto Coverage Part of the policy with $1 million policy limits; and plaintiffs' admission that their combined claims do not exceed $1 million.[4]
On March 9, 1994, New Hampshire filed a motion for partial summary judgment. In the motion, New Hampshire requested a declaration that the liability insurance coverage limits under its policy do not exceed the minimum limits required under Louisiana law (10/20) as provided in the rental agreement between Pickens and Acadian.
On March 21, 1994, a hearing was held on the motions for summary judgment. On May 18, 1994, the trial court signed a judgment, denying Farm Bureau's motion for summary judgment, but granting New Hampshire's motion for partial summary judgment. In granting New Hampshire's motion, the trial court declared that the limits of liability coverage maintained by New Hampshire are $10,000.00 per single injury and $20,000.00 per accident, in accordance with the compulsory liability insurance provisions of Louisiana law. Farm Bureau was cast with all costs associated with New Hampshire's motion for partial summary judgment. In its oral reasons for judgment, the trial court based its decision on the case of Lindsey v. Colonial Lloyd's Insurance Co., 595 So.2d 606 (La.1992).
Plaintiffs and Farm Bureau appealed from the adverse judgment, assigning the following specification of error:
The trial court erred in finding that the limits of automobile liability coverage provided to Mr. Pickens by the New Hampshire policy was $10,000/20,000 instead of $1,000,000 as provided for in the policy of insurance issued to Acadian Auto Rental, Inc.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982); Legros v. Norcen Exploration, Inc., 583 So.2d 859, 860 (La.App. 1st Cir.), writs denied, 588 So.2d 101, 109 (La.1991).
A fact is material if its existence is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure *523 or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991). To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear what the truth is and excludes any real doubt as to the existence of material fact. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d at 1120. The court must closely scrutinize the papers supporting the position of the mover, while the papers of the party opposing the motion are to be treated indulgently. Ortego v. Ortego, 425 So.2d 1292, 1297 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 147 (La.1983).
Summary judgments are not favored and should be used cautiously and sparingly. Penalber v. Blount, 550 So.2d at 583. In determining whether material facts have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). This is true even if grave doubt exists as to a party's ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068, 1070-71 (La.App. 3rd Cir.1985). Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991).
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, Division MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir. 1988).

LSA-R.S. 22:628
Plaintiffs and Farm Bureau contend that the rental agreement between Acadian and Pickens was not properly incorporated into the New Hampshire policy pursuant to LSA-R.S. 22:628 and that, therefore, the 10/20 policy limits set forth in the rental agreement are inapplicable to plaintiff's claims against Pickens and New Hampshire. Rather, plaintiffs and Farm Bureau contend that the $1 million policy limits of New Hampshire's policy covering Acadian's fleet of automobiles apply to plaintiffs' claims. New Hampshire, however, contends that, based on the holding in Lindsey v. Colonial Lloyd's Insurance Co., 595 So.2d at 606, LSA-R.S. 22:628 does not apply to rental agreements such as the one at issue herein and that the 10/20 coverage set forth in the rental agreement between Pickens and Acadian is applicable to plaintiffs' claims. In the alternative, New Hampshire argues that, if LSA-R.S. 22:628 is found to be applicable, its requirements have been satisfied, and the rental agreement was properly incorporated into its policy.
LSA-R.S. 22:628 provides as follows:
No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless it is in writing and physically made a part of the policy or other written evidence of insurance, or it is incorporated in the policy or other written evidence of insurance by specific reference to another policy or written evidence of insurance. This Section shall not apply to contracts as provided in Part XV of this Chapter.
The provisions of this Section shall apply where a policy or other written evidence of *524 insurance is coupled by specific reference with another policy or written evidence of insurance in existence as of the effective date hereof or issued thereafter.
Any written agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be deemed to be physically made a part of a policy or other written evidence of insurance, within the meaning of this section, whenever such written agreement makes reference to such policy or evidence of insurance and is sent to the holder of such policy or evidence of insurance by United States mail, postage prepaid, at such holder's last known address as shown on such policy or evidence of insurance or is personally delivered to such holder.
In Lindsey v. Colonial Lloyd's Insurance Co., 595 So.2d at 606, the Louisiana Supreme Court considered the enforcement of "two-tier" insurance coverage under the liability policy of an automobile rental agency.[5] The insurer issued a policy of insurance to the rental agency providing $500,000.00 limits to lessees of the insured. The policy, however, contained an endorsement that the coverage was "subject to the terms, including any limits of liability ... contained in the lease or rental agreement...." The insured rental agency entered into an agreement with the negligent driver under which the agency agreed to provide "liability coverage with limits of liability equal to the minimum limits required by the financial responsibility laws of the State in which the vehicle is rented." Lindsey v. Colonial Lloyd's Insurance Co., 595 So.2d at 608. The issue was whether LSA-R.S. 22:628 rendered ineffective the provisions of the rental agreement purportedly reducing the insurance policy's limits of liability.
The court noted that the purpose of LSA-R.S. 22:628 is "to protect the parties to the insurance contract by assuring that both have in their possession the entire contract." Lindsey v. Colonial Lloyd's Insurance Co., 595 So.2d at 611. The court held that LSA-R.S. 22:628 does not provide and was not meant to provide protection to third parties, that is, parties other than the actual policyholder. Rather, the section was intended to apply to situations in which the insurer modified the contract of insurance, hence the requirement that the modifying agreement, such as an endorsement, refer to the policy and be sent to the policyholder. Lindsey v. Colonial Lloyd's Insurance Co., 595 So.2d at 611. The court then considered whether there was any statutory or public policy prohibition for such two-tiered coverage. The court determined that there is non statutory or public policy requirement that all classes of insureds under a policy receive the same amount of coverage. Since the lower level of the two-tier coverage provided the minimum liability coverage provided by statute, there was no public policy argument to invalidate the agreement reached by the parties under the insurance contract and the rental agreement. Therefore, whether the rental agreement is incorporated into the policy is immaterial. See also Dennison v. Liberty Mutual Insurance Company, 94-0026, p. 6 (La.App. 1st Cir. 11/10/94), 645 So.2d 1227, 1230.
In the instant case, Endorsement 6 to the New Hampshire policy extends coverage to "a named insured under a car rental contract." In accordance with the policy, Acadian entered into a car rental agreement with Pickens, whereby Acadian agreed to provide coverage in an amount up to, but in no event in excess of, the minimum limits required by the financial responsibility or compulsory insurance laws of the state in which the accident occurs. Here, as in Lindsey, the lessee was provided coverage under the rental agency's policy, but only to the extent provided in the rental agreement, i.e., 10/20 coverage. Because the lessee agreed to be covered by the statutory minimum amount in the rental agreement, it would be a "windfall, unforeseen and totally outside the contemplation of all the parties" for this court to find $1 million in coverage for lack of compliance with LSA-R.S. 22:628, a statute meant to protect the rental agency, not Pickens. See Lindsey v. Colonial Lloyd's Insurance Co., 595 So.2d at 614.
*525 Relying on the rationale set forth in Lindsey v. Colonial Lloyd's Insurance Co., 595 So.2d at 606, we find plaintiffs' and Farm Bureau's contention that the rental agreement was not properly incorporated into the New Hampshire policy pursuant to LSA-R.S. 22:628 to be without merit. Clearly, in Lindsey v. Colonial Lloyd's Insurance Co., 595 So.2d at 606, the Louisiana Supreme Court held LSA-R.S. 22:628 to be inapplicable to such rental agreements.
Additionally, as noted in Lindsey v. Colonial Lloyd's Insurance Co., 595 So.2d at 614:
In the absence of a statute mandating that the named insured and all other classes of insureds receive the same amount of coverage, this Court has no basis for holding two thier coverage contravenes any public policy, given, as here, the lower level of coverage meets statutory minimum requirements. Furthermore, we do not find the rental agreement's lower limits of coverage unconscionable or otherwise unenforceable. (Footnote omitted)

CONCLUSION
For the foregoing reasons, the judgment of the trial court, declaring New Hampshire's limits of liability to be 10/20 with regard to plaintiffs' injuries, is affirmed. Appeal costs are to be assessed equally between plaintiffs and Farm Bureau.
AFFIRMED.
NOTES
[1] Although the petition reflects that the accident occurred on April 22, 1991, the insertion of this date is an apparent typographical error. The parties did not dispute the date of the accident.
[2] New Hampshire Indemnity Insurance Company was erroneously named in the petition as New Hampshire Insurance Company.
[3] Louisiana Farm Bureau Mutual Insurance Company was erroneously named in the petition as Farm Bureau Insurance Company.
[4] On January 18, 1994, plaintiffs filed a motion for summary judgment, adopting and joining Farm Bureau in its motion for summary judgment and arguments made therein.
[5] In reaching its decision, the trial court relied on Lindsey v. Colonial Lloyd's Insurance Co., 595 So.2d 606 (La.1992).