JzFITZSIMMONS, Judge.
This appeal involves an interpretation of excess insurance agreements and their applicability to the plaintiffs claim for coverage. The trial court granted summary judgment in favor of three excess insurance carriers, Allstate Insurance Company (“Allstate”), Tokio Marine and Fire Insurance Company, Ltd. (“Tokio”), and American National Fire Insurance Company (“American National”). Appellants contend that the court erred: 1) in determining that the exclusion endorsements, “executed and issued” more than one month after the accident were retroactive; 2) in construing that the policies for 1990-1991 were renewal policies; 3) in considering evidence not contained within the four comers of the policy; and 4) in failing to recognize remaining issues of fact. We affirm the summary judgments granted by the trial court.
FACTUAL BACKGROUND
Arlene Paige, individually and as tutrix of a minor child, Ray Jerard Paige, filed suit for the recovery of damages allegedly sustained by the minor child in an automobile accident on January 9, 1990. Defendant, Gary L. Tucker, was operating a Toyota Tercel that he had rented from co-defendant, Performance Toyota of Louisiana, Inc. (Performance Toyota). The rental agreement form signed by Mr. Tucker indicated that he had purchased $100,000/$300,000 liability coverage from the rental agency. Allstate, the primary insurer of Performance Toyota, tendered its $100,000 primary liability limits to the plaintiff. Plaintiff seeks coverage pursuant to the excess insurance policies provided to Performance Toyota by Allstate, Tokio, and American National.
Performance Toyota owned the automobiles that it rented to its customers. As a dealer within the Toyota Rent A Car (TRAC) | gSystem, Performance Toyota obtained primary and excess insurance coverage through the national TRAC program. Primary coverage was provided to Performance Toyota and its rental customers through Allstate. The excess insurance coverage obtained by *1186 .Performance Toyota was afforded through three separate policies with Allstate Insurance Company, Tokio Marine Insurance Company, and American National respectively. The accident under review occurred during the time frame of the 1990-1991 excess liability policies.
Allstate issued excess coverage to Performance Toyota with limits between the underlying primary coverage up to an amount of $1,000,000. The 1990-1991 binder of excess auto liability insurance designates as named insureds: “TOYOTA RENT A CAR SYSTEM” and “LEXUS DAILY RENTAL CAR SYSTEM.” The Allstate policy specifically delineates the named insureds to consist of participating Toyota dealerships and subsidiaries. No language in the binder, or the policy, designates the rental customer as an insured party. Moreover, the dealer/rental agency formulated a separate contractual agreement,
Tokio also provided excess liability coverage. This coverage was over and above Allstate’s excess coverage to Performance Toyota in the amount of $1,000,000. The 1990-1991 binder expressly provides: “EXCESS AUTO LIABILITY COVERAGE FOLLOWING FORM OF ALLSTATE AND TOKIO MARINE, FOR TOYOTA/LEXUS AUTOS — RENT A CAR SYSTEM.” Named insureds on the binder are: “TOYOTA RENT A CAR SYSTEM” and “LEXUX DAILY RENTAL CAR SYSTEM.” The Tokio policy lists the participating Toyota dealerships as a named insured in its declarations. There is no indication whatsoever of any inclusion of the rental customer as an insured at any time.
American National also issued excess insurance to Toyota Performance in 1990-1991 in the sum of $3,000,000, over andUabove the excess coverage issued by Tokio. The American National[2] policy issued for 1990-91 is described on the binder as “EXCESS AUTOMOBILE LIABILITY COVERAGE FOLLOWING FORM OF TOKIO MA-RINE_” The 1990-91 binder lists only Toyota Rent A Car System and Lexus Daily Rental Car System as the named insureds. There is no evidence that there ever existed any excess coverage at any time for liability of the rental customer.
LAW
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992). Louisiana Code of Civil Procedure article 966 provides that summary judgment is favored.[3] The moving party bears the burden of proof to demonstrate that no genuine issue of material fact remains and that the mover is entitled to judgment as a matter of law. See La. C.C.P. art. 966.
The interpretation of insurance contracts generally comprises legal questions which lend themselves to proper resolution via a motion for summary judgment. Zanca v. Breaux, 590 So.2d 821, 824 (La.App. 4th Cir.1991). In this instance the controlling issue is whether Mr. Tucker, the automobile renter, qualifies as an “insured” entitled to coverage pursuant to the excess policies written by the three excess insurers to Performance Toyota.
It is well settled that the insurance agreement, as any other agreement, constitutes the law between the contracting parties. Oncale v. Aetna Casualty and Surety Company, 417 So.2d 471, 474 (La.App. 1st Cir.1982). The insurance coverage that|5was obtained by Mr. Tucker was purchased via a separate contract with Performance Toyota when he rented the vehicle. Liability coverage extended to the lessee by a rental agency is in the nature of a voluntary automobile policy. Dennison v. Liberty Mutual Insurance Company, 94-0026, p. 9 (La.App. 1 Cir. 11/10/94), 645 So.2d 1227, 1232. The contract between Mr. Tucker, the renter, and Performance Toyota expressly limits coverage to $100,000/$300,000. We have previously rec *1187 ognized the enforceability of “two-tier” insurance coverage under the liability policy of an automobile rental agency. Pitts v. Pickens, 94-1811, pp. 7-8 (La.App. 1 Cir. 5/5/95), 655 So.2d 520, 524; writ denied, 95-1895 (La.11/13/95), 662 So.2d 469[4]. In that case this court analogously observed that “... the lessee agreed to be covered by the ... amount in the rental agreement, [and] it would be a ‘windfall, unforeseen and totally outside the contemplation of all the parties’ ” to apply the coverage terms of the rental agency’s liability coverage to the independent customer renter’s contractual coverage. Pitts v. Pickens, 94-1811, at p. 8, 655 So.2d at 524 (quoting Lindsey v. Colonial Lloyd’s Insurance Co., 595 So.2d 606 (La.1992)).
A review of the binders, as well as the accords and advices of insurance that framed the terms of the 1990-1991 excess coverages, unmasks nothing to suggest that excess coverage was afforded to the rental customers of the Toyota agencies at any time. The policies are not inconsistent. The automobile renter is not a named insured on the excess policies. There is no evidence in the contractual relationship between the dealer and Mr. Tucker that is suggestive of insurance coverage beyond the limits of $100,000/300,000. Moreover, ample supporting 1 {¡documentation has been presented to demonstrate that the TRAC system specifically limits excess coverage to its dealers.
Thus, it is not germaine to a determination of this motion for summary judgment to address the contention raised by appellant that a postdated countersignature in the policy itself is in derogation of the insured’s right to coverage[5]. This matter simply does not involve a question of prior coverage of a rental customer that might have been retroactively retracted. The issue of the classification of the insurance policy as a renewal or a new policy is similarly inapposite.
The summary judgments in favor of Allstate Insurance Company, Tokio Marine In-suranee Company, and American National Fire Insurance Company are affirmed. All costs associated with these proceedings are assigned to appellant.
Affirmed.

. American National Insurance Company is referred to as “Great American Insurance Co.” on the binder.

. As amended by Acts 1996, First Extraordinary Session, No. 9, effective May 1, 1996.

. The pivotal issue in Pitts distinctively concerned the application of La.R.S. 22:628; however, the rationale expressed in the decision is applicable to the interpretation of the insurance agreements herein.

. The Allstate and Tokio policies each contained an endorsement with an exclusionary provision that read that the policy did not apply “to liability of any rental customer of a rented auto whether or not said rental customer is operating the auto with the permission of a named insured.”