ARMSTRONG, Judge.
We granted certiorari in order to review the correctness of the trial court’s judgment denying relator’s motion for summary judgment and its motion of reconsideration of the motion for summary judgment.
Plaintiff, George W. Duchmann (“Duchmann”), filed suit against Orleans Maritime Brokerage, Inc. (“OMBI”) and the Hartford Accident & Indemnity Co. (“Hartford”), claiming his vessel GAYLE WARNING sustained property damage as a result of the negligence of OMBI. The petition also alleged that Hartford insures OMBI for that type of liability.
Specifically, the petition claimed that OMBI was the listing agent for the 31 foot vessel owned by Vaughan E. Marsden (“Marsden”). OMBI’s agent concluded a purchase agreement between Marsden and Duchmann, the terms of which set the price at $44,500 and assented that the vessel would be delivered by OMBI to the plaintiff-purchaser in New Orleans. OMBI had the vessel’s engines evaluated in Bay St. Louis, Mississippi, but advised plaintiff that the engines required further evaluation in New Orleans. Upon the vessel’s arrival in New Orleans on May 12, 1989, it was docked on the finger pier adjacent to a boathouse leased by M.G. Mayer Yacht Services from the Orleans Levee Board. On the morning of May 15, 1989, OMBI’s agent returned to the pier and found the vessel at an angle and listing due to the accumulation of water in the vessel. As a result of the damage the vessel received, plaintiff filed suit against OMBI claiming a return of the purchase price and/or the cost of repairs, plus all cost of surveys, storage and expenses, and all other reasonable general and special damages.
Hartford filed a motion for summary judgment alleging Duchmann’s claims against OMBI were excluded from coverage under the OMBI-Hartford policy. On February 8, 1991, the motion was denied. Subsequently, OMBI filed a third-party demand against Hartford, requesting that Hartford insure and defend it. On July 23, 1991, Hartford filed a motion for reconsideration of the court’s denial of its motion for summary judgment contending that no question remained, the GAYLE WARNING was in the “care, custody and control” of OMBI at the time it suffered damages. Therefore, insurance was not available to OMBI under the OMBI-Hartford policy. On January 21, 1992, the motion for reconsideration was denied.
The Hartford-OMBI policy of insurance includes the following:
Section I — Coverages
Coverage A. Bodily Injury and Property Damage Liability
* * * * * *
2.Exclusions
* * * * * *
j. “Property damage” to:
1. Property you own, rent or occupy;
2. Premises you sell, give away or abandon, if the “property damage” arises out of any part of those premises;
3. Property loaned to you;
4. Personal property in your care, custody or control;
5. That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the “property damage” arises out of those operations; or
6. That particular part of any property that must be restored, repaired or replaced because “your work” was in-
*820 correctly performed on it. (emphasis added)
* * * * * *
Section V — Definitions
* # * ⅜ * *
12. “Property damage” means:
a. Physical injury to tangible property, including all resulting loss of use of property; or
b. Loss of use of tangible property that is not physically injured.
The policy does not contain a definition of “personal property.”
Hartford contends that, as a matter of law, the trial court erred in denying its motion for reconsideration of its motion for summary judgment. The express and unambiguous provision of its policy, exclusion 2(j)(4), specifically excludes from coverage any property damage to personal property in the care, custody or control of OMBI. We agree.
The Code of Civil Procedure sets forth that a plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has prayed. LSA-C.C.P. art. 966(A). The Code also directs that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact, and mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966(B). Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La.App. 4th Cir.1991).
The interpretation of a policy of insurance involves legal questions which can properly be resolved through a motion for summary judgment. Ledbetter v. Concord General Corp., 564 So.2d 732 (La.App. 2d Cir.1990); Pridgen v. Jones, 556 So.2d 945 (La.App. 3d Cir.1990). When the language of the insurance policy is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. Id.; Gon-salves v. Dixon, 487 So.2d 644 (La.App. 4th 1986).
Both Louisiana decisional and statutory authority support Hartford’s claim that, if an item is in the insured’s possession or under its control at the time of the property damage, the exclusionary provision of the policy which relates to property damaged in the care, custody and control of the insured, is given effect. LSA-C.C. art. 2045 et seq. Berquist v. Fernandez, 535 So.2d 827 (La.App. 2d Cir.1988) [defendant lost control of vehicle while in process of transporting horses for plaintiff; defendant’s policy exclusion held applicable since horses were in defendant’s “care, custody and control” at the time of the accident]; Kold, Inc. v. U.S. Fidelity & Guar. Co., 496 So.2d 1338 (La.App. 3d Cir.1986), writ den., 498 So.2d 758 (La.1986); Industrial Supply Co. of La. v. Transamerica Ins. Co., 220 So.2d 126 (La.App. 3d Cir.1969), writ den., 254 La. 136, 137, 222 So.2d 884 (La.1969). Therefore, as OMBI had not delivered the vessel to Duchmann prior to the time it was damaged and as the vessel was under the physical control of OMBI (through its agent) at the time it sustained property damage, exclusion 2(j)(4) of the Hartford-OMBI policy applies and bars coverage.
Duchmann and OMBI respond by claiming that a special endorsement which modifies exclusion 2(g) provides insurance for Duchmann’s tort claims. We disagree. Hartford is claiming an exclusion of coverage pursuant to 2(j)(4), not exclusion 2(g). Thus, exclusion 2(g)’s modification by a special endorsement is simply not relevant. As no special endorsement modifies or negates the exclusion of 2(j)(4), the Hartford-OMBI policy does not afford coverage for property damage to personal property in OMBI’s care, custody and control.
Accordingly, the judgment of the trial court is reversed and Hartford’s motion for summary judgment is granted.
WRIT GRANTED, REVERSED AND RENDERED