**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-31183**
**Summary Calendar**

_____

**NAVARRO PECAN CO., INC.,**

**Plaintiff-Appellant,**

**versus**

**MANSFIELD WAREHOUSING INVESTMENT CO., LLC;**
**MANSFIELD COLD STORAGE, INC.,**

**Defendants,**
**and**

**MANSFIELD WAREHOUSING SERVICES, INC.,**

**Defendant-Cross Claimant,**

**versus**

**PENN AMERICA INSURANCE CO.,**

**Intervenor Defendant-Cross Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(99-CV-371)**
_____

March 29, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges:

PER CURIAM:[*]

For this interlocutory appeal permitted by our court, Navarro Pecan Co., Inc., contests the summary judgment awarded Penn America Insurance Co. The district court held that Penn's insurance policy issued to Mansfield Warehousing Services, Inc. (MWSI), did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cover the loss of Navarro's property because, pursuant to a policy exclusion, it was in MWSI's care, custody, or control. Navarro advances two contentions: the terms of the policy are ambiguous; and the district court failed to properly apply Louisiana law.

Navarro was a depositor of approximately 1.4 million pounds of pecans in a cold-storage warehouse owned by Mansfield Cold Storage, Inc., and operated by MWSI. Navarro received warehouse receipts for loads of pecans delivered to MWSI, providing that the pecans would be returned upon payment of storage fees and presentation of the applicable warehouse receipt(s) to MWSI. The rupture of a frozen fire sprinkler pipe allegedly damaged the pecans. Navarro sued MWSI, and subsequently Penn (MWSI's insurer), for $1.5 million.

Summary judgment was awarded Penn. We review *de novo*. *E.g.*, *Stults v. Conoco, Inc.*, 76 F.3d 651, 654 (5th Cir. 1996). As noted, the policy excludes from coverage "[p]ersonal property in the care, custody or control of the insured [MWSI]".

Navarro first contends the "care, custody or control" exclusion is ambiguous, precluding summary judgment for Penn. However, because MWSI is a depositary (or bailee) and a warehouseman, it is deemed to have "care, custody or control" over the personal property it accepts for deposit. *See* *Hendrix Elec. Co., Inc. v. Casualty Reciprocal Exch.*, 297 So.2d 470, 474 (La. App. 2d Cir. 1974); see also LA. CIV. CODE art. 2926 (deposit requires person to receive property and preserve it); LA. REV. STAT. ANN. §§ 10:7-204 (warehouseman has duty of care) & 10:7-209

2

(warehouseman given lien over goods covered by receipt). Accordingly, under the circumstances of this case, the provision is not ambiguous. *See* ***Home Ins. Co. v. A.J. Warehouse, Inc.***, 210 So. 2d 544 (La. App. 4th Cir.), *application denied*, 214 So. 2d 162, 163, 165 (La. 1968).

Navarro further contends ***Reynolds v. Select Properties, Ltd.***, 634 So. 2d 1180 (La. 1994), provides the only circumstances where the "care, custody, or control" exclusion applies in Louisiana. The Louisiana Supreme Court stated, however, that "the first, and most common, circumstance *usually occurs*" in the contractor or subcontractor context and noted "the insured's actual physical possession of or control over the property determined whether the exclusion applied". ***Id.*** at 1184 (emphasis added). The second circumstance occurs when "the insured has a proprietary interest in or derives monetary benefit from the property". ***Id.***

First, the Louisiana Supreme Court did not state these were the only circumstances where it applies, and other Louisiana decisions confirm the exclusion applies in other circumstances as well. *See, e.g.,* ***Keller v. Case***, 757 So. 2d 920, 923 (La. App. 1st Cir. 2000) (horse boarded at stable under insured's care, custody, and control); ***Duchmann v. Orleans Maritime Brokerage, Inc.*** & ***The Hartford***, 603 So. 2d 818, 820 (La. App. 4th Cir. 1992) (barge in insured's care, custody, and control during transport); ***Berquist v. Fernandez***, 535 So. 2d 827 (La. App. 2d Cir. 1988) (Damage to horses being transported by insured excluded by "care, custody, or

3

control" exclusion.); ***A.J. Warehouse***, 210 So. 2d at 550 (Damage to tiles stored in warehouse covered by the exclusion.).

Further, ***Reynolds*** involved a claim based on theft from a self-storage unit. 634 So. 2d at 1182. The court noted that Reynolds "merely leased storage space" and the storage contract was governed by the Louisiana Self-Service Storage Facility Act, LA. REV. STAT. ANN. 9:4756, which is not a deposit or covered by Louisiana's provisions dealing with warehousemen. Because the lease of a self-storage space is fundamentally different from a deposit, the ruling in ***Reynolds*** (exclusion inapplicable) does not apply here.

Finally, ***St. Paul Mercury Ins. Co. v. Fair Grounds Corp.***, 123 F.3d 336 (5th Cir. 1997), does not require reversal of the summary judgment. There, we acknowledged the parties did not contend the property at issue was under the control of the insured in a contractor or subcontractor relationship (***Reynolds***' "first circumstance") and determined that the insured did not derive a monetary benefit from the property under the "second circumstance". ***Fair Grounds***, 123 F.3d at 340.

***AFFIRMED***

4