11 JONES, Judge.
The Appellant, Crane Operators Inc., appeals the judgment of the district court granting a Motion for Summary Judgment on behalf of the Appellee, Fidelity Excess and Surplus Insurance Company. The granting of the motion by the district court denies coverage for damages to a heavy lift crane barge used by Crane Operators, Inc. on the basis that the crane barge was personal property and subject to an exclusion contained in the insurance policy written by Fidelity Excess and Surplus Insurance Company for Crane Operators, Inc. We affirm the judgment of the district court.
In 1999, Crane Operators, Inc. renewed its insurance policy of commercial and general liability insurance with Fidelity Excess and Surplus Insurance Company, Inc. of Ohio (hereinafter “Fidelity”). Crane Operators, Inc. is a business that employs personnel who have training in operating heavy equipment and provides those operators on a temporary, as-needed basis to companies on the Mississippi River and in New Orleans. Crane Operator, Inc. does not own equipment itself.
On July 30,1999, a Crane Operator, Inc. employee was operating a crane barge owned by Logistics Services, Inc. (hereinafter “Logistics”). The Crane [ 2Operator, Inc. employee lost control of the boom (an integral part of the crane barge) causing it to fall against the side of the crane barge and into the adjacent river. As a result, the crane barge was damaged.
Crane Operators, Inc. sought to recover for the damages to Logistics’ crane barge and for Crane Operators, Ine.’s attorney fees and costs. Fidelity denied coverage based on the exclusion regarding personal property in the care, custody and control of the insured, discussed infra.
Crane Operators, Inc. filed a petition for damages in Civil District Court for the Parish of Orleans against the following: Fidelity, as Crane Operators, Inc. insurer; Montgomery and Collins, Inc., an insurance broker; and Independent Insurance Associates, Inc., Crane Operators, Inc.’s insurance agent.
Independent Insurance Associates, Inc. (hereinafter “Independent”) answered the petition for damages and.asserted a cross-claim against Fidelity and Montgomery and Collins, Inc., seeking indemnity or contribution in the event Independent was found liable. Fidelity filed an Exception of No Cause of Action and in the alternative a Motion for Summary Judgment claiming that the insurance policy of Crane Operators, Inc. did not cover the claims asserted. Crane Operators, Inc. filed its own Counter-Motion for Summary Judgment. Independent joined with Crane Operators, Inc. in opposing Fidelity’s Motion for Summary Judgment and in seeking summary judgment in its favor.
The district court denied the Motion for Summary Judgment filed by Crane Operators, Inc. and granted Fidelity’s Motion for Summary Judgment, thereby dismissing with prejudice Crane Operators, Ine.’s claim and Independent’s cross-claim against Fidelity. This timely appeal followed.
|sThe standard of review for appellate courts in reviewing summary judgment is de novo review, using the same criteria *1032 applied by the district courts to determine whether summary judgment is appropriate in the first instance. Stevedoring Services of America, Inc./Logistic Services, Inc. v. Kahn, 98-0926 (La.App.4 Cir.12/9/98), 726 So.2d 53.
In its first assignment of error, Crane Operators, Inc. argues that the district court erred in failing to apply Louisiana jurisprudential rules of construction concerning policies of insurance because the district court failed to strictly construe ambiguous language contained in the insurance policy against Fidelity. We resolve this assignment of error with the additional argument of Crane Operators, Inc. that the term “personal property” is susceptible to more than one meaning under Louisiana law. Crane Operators, Inc. maintains that the insurance policy issued by Fidelity is ambiguous and must be construed in favor of Crane Operators, Inc. because exclusion “j(4)” of the insurance policy specifically referred to as ambiguous by Crane Operators, Inc. excludes from coverage property damage to “personal property in the care, custody or control of the insured”.
Crane Operators, Inc. argues that in order for exclusion “j(4)” to apply, the crane would have to be deemed “personal property” and it would have to be found to be within the care, custody and control of Crane Operators, Inc. at the time of the incident. The district court concluded in its reasons for judgment that the meaning of “personal property” is all “movable property,” and therefore the crane barge was subject to the personal property exclusion contained in the policy. We agree with the district court.
In an attempt to define the term “personal property”, Crane Operators, Inc. relies on La. R.S. 22:667(A) of the Louisiana Insurance Code, which states that:
|4In any case in which a policy includes coverage for loss of or damage to personal property of the insured, from whatever cause, if the insurer places a valuation upon the specific item of covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, the insurer shall compute any covered loss of or damage to such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefore, shall set forth in type of prominent size, the actual method of such loss computation by the insurer.
Fidelity, as well as the district court in its reasons for judgment, rely on Duchmann v. Orleans Maritime Brokerage Inc., 603 So.2d 818 (La.App. 4th Cir.1992), to support the finding that the claim by Crane Operators, Inc. is excluded under its insurance policy. Although the main issue surrounding Duchmann is who was in the care, custody and control of a vessel at the time of damage, a more parallel analysis is that the insurance policy in question in Duchmann contains an almost identical exclusion as in the case at bar. This Court reasoned in Duchmann that, “the express and unambiguous provision of its policy, exclusion 2(j)(4), specifically excludes from coverage any property damage to personal property in the care, custody or control of [the defendant].” Id. Duchmann also established that the damaged vessel was indeed “personal property,” thus giving the term an acceptable meaning of “anything other than real property.”
Crane Operators, Inc. offers no persuasive legal analysis which supports its argument. This assignment of error is without merit.
In the second assignment of error by Crane Operator, Inc. and the lone assignment of error by Independent, both *1033 contend that the district court erred in finding that the “On-Hook Liability” endorsement contained in the insurance |fipolicy did not apply to Crane Operators, Inc. It is further argued that even if the district court found that Logistics’ crane barge did fall under the definition of “personal property”, the crane barge is still covered under the “On-Hook Liability” endorsement to the policy that overrides the “care, custody and control” exclusion under exclusion “j(4)”. The endorsement states:
In consideration of the premium charged, it is agreed that Exclusions j.(4) and j.(5) are deleted but only with respect to the property of others in the care, custody, or control of the insured while such property is being raised and/or lowered and/or moved by the use of equipment owned or used by rented or leased to the insured.
The district court found the following: The clear language of the “On-Hook” Endorsement is to the effect that exclusion j(4) is only deleted as it relates to “property raised and/or lowered and/or moved” by equipment (the crane itself), owned, used, rented, or leased to the insured, (emphasis added)
The district court further found that Crane Operators, Inc. knew or should have known that its policy did not provide coverage for personal property in its care, custody, or control, otherwise the “On-Hook Liability” endorsement would not have been necessary language in the policy.
The record is clear and undisputed that an employee of Crane Operators, Inc. lost control of the crane, and that Crane Operators, Inc. did not own the crane. When the language of the policy and its endorsements is clear, it must be given a reasonable interpretation consistent with the obvious meaning and intent of the policy. Maggio v. Manchester Ins. Co., 292 So.2d 255, 256 (La.App. 4th Cir.1974). We find that there is no ambiguity in the “On-Hook Liability” endorsement or any of the provisions in the insurance policy at issue. We further agree with the ^district court that Crane Operators, Inc. should have known what was contained in its insurance policy. A more reasonable interpretation of the “On-Hook Liability” endorsement is that liability coverage applies in those instances where property or cargo of others is being raised, lifted or moved. With all things considered, it is for this reason businesses employ Crane Operators, Inc.
Decree
For the reasons stated herein, we affirm the judgment of the district court granting the Motion for Summary Judgment as to Fidelity Excess and Surplus Insurance Company and dismissing with prejudice the claim of Crane Operators, Inc. and the cross claim of Independent Insurance Associates, Inc.

AFFIRMED.